DAVID B. GOLUBCHIK (State Bar No. 185520)
JEFFREY S. KWONG (State Bar No. 288239)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: DBG@LNBYB.com; JSK@LNBYB.COM

Attorneys for Debtor and
Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | ) Case No.: 2:15-bk-10691-TD |
| | ) |
| GOLD RIVER VALLEY, LLC, | ) |
| | ) Chapter 11 Case |
| Debtor and Debtor in Possession. | ) |
| | ) |
| | ) **CHAPTER 11 STATUS REPORT** |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) Hearing: |
| | ) Date: June 10, 2015 |
| | ) Time: 2:00 p.m. |
| | ) Place: Courtroom 1345 |
| | )          255 E. Temple Street |
| | )          Los Angeles, CA 90012 |

1

**TO THE HONORABLE THOMAS B. DONOVAN, UNITED STATES BANKRUPTCY JUDGE:**

Gold River Valley, LLC (the "Debtor"), the debtor and debtor in possession in the above-captioned chapter 11 bankruptcy case, hereby submits its Second Case Status Conference Report.

(I)  Events that led up to and caused the filing of this Chapter 11 case.

The Debtor's primary asset is real property located at 650-652 S. Lake Avenue, Pasadena, California 91105 (the "Property"). The Property consists of twelve luxury condominium units (the "Condominium Units"), each ranging in size from 1,340 to 2,120 square feet, and is in the prestigious South Lake community of Pasadena and within minutes of the Rose Bowl, the Huntington Library and Gardens, and the Norton Simon Museum. Several of the Condominium Units have private elevators and a sweeping view of the San Gabriel Mountains.

The Property is encumbered by statutory senior secured property taxes of approximately $30,800. As described more fully below, this bankruptcy was filed, in part, to stop the foreclosure attempts by Lone Oak Fund, LLC ("Lone Oak") who holds a first priority lien in the principal amount of $3,750,000. Finally, Elaine and Lana Tsang (collectively, the "Tsangs") have each recorded a lis pendens against the Property in the amount of $1,556,148.37, for an aggregate alleged amount of approximately $3.1 million.

Prior to the bankruptcy filing, in 2011, the Debtor borrowed approximately $3,750,000 from Lone Oak. The Debtor executed a senior deed of trust in favor of Lone Oak to secure such obligation. Based on unforeseen circumstances, the Debtor was unable to satisfy the obligation of the non-debtor entity and defaulted on the loan. As a result, Lone Oak commenced receivership and foreclosure proceedings against the Debtor in state court, and obtained an order appointing a receiver over the Property on September 2, 2014. On September 19, 2014, Lone Oak caused a notice of default and election to sell under deed of trust (the "Notice of Default") to be issued and recorded in the Los Angeles County recorder's office against the Property. On December 23, 2014, Lone Oak caused a notice of trustee sale under the deed of trust (the "Notice

of Sale") to be issued against the Property. The trustee sale was scheduled to take place on January 20, 2015. An agreement to delay or withdraw the foreclosure sale was not reached.

The Debtor believes that the current fair market value of the Property is approximately $12 million, while the total asserted debt is under $9 million. In order to preserve the Property and its value for the benefit of all creditors and equity holders, this bankruptcy was commenced on January 16, 2015. Through this bankruptcy, the Debtor seeks to promptly reorganize its financial affairs for the benefit of all creditors of its estate by way of a sale of the Property under Section 363 of the Bankruptcy Code and, if necessary, a Chapter 11 plan.

(II)   Status of the Debtor's post-petition operations and its major assets and liabilities.

Lone Oak commenced receivership and foreclosure proceedings against the Debtor in state court, and obtained an order appointing a receiver over the Property on September 2, 2014. On February 11, 2015, the Court entered the *Amended Order Approving Stipulation for Order Excusing Turnover of Property Pursuant to 11 U.S.C. § 543(d) and Maintaining Kevin Singer as Receiver* (the "Order Excusing Turnover"). (Doc. No. 22). The Receiver currently remains in control of the Property, and is seeking tenants to rent out any remaining vacant Condominium Units. The Receiver and Debtor are working cooperatively together.

While the Receiver may be managing the Property, cash collateral issues apply. To that end, the Debtor, the Receiver, and Lone Oak have each stipulated to the Receiver's continued use of cash collateral to manage the Property. The *Stipulation for Use of Cash Collateral* (the "Cash Collateral Stipulation") was filed on March 2, 2015, and the Court signed an Order approving the Cash Collateral Stipulation on March 10, 2015.

As discussed above, the Debtor believes that the fair market value of the Property is approximately $12 million. The Debtor further believes that its secured debts are under $9 million and its unsecured debts total approximately $5,000. The Debtor has obtained court approval to employ the real estate broker, who is currently actively working to market and sell the Property. Through this case, the Debtor intends to market and sell the Property for the

3

benefit of the estate's creditors and equity holders.  Upon a sale of the Property, the Debtor will propose a plan and disclosure statement to reorganize its debts.

(III) <u>Status of all post-petition litigation</u>.

As reflected in the Debtor's Statements of Financial Affairs, the Debtor is a named defendant in a number of litigation matters:

- Lone Oak Fund, LLC v. Gold River Valley, LLC, Superior Court of California (Los Angeles), Case No.  BC552238;
- Lana Tsang and Elaine Tsang (the "<u>Tsangs</u>") v. Gold River Valley, LLC, Superior Court of California (Los Angeles), Case No. BS153317; and
- ELSV, LLC ("ELSV") v. Ko, et al., Superior Court of California (Los Angeles), Case No.1-13-CV-254835.

These cases were filed prepetition and are stayed by 11 U.S.C. § 362.  The Debtor has resolved or is working to resolve each of these prepetition litigation matters.

Specifically, with regards to the latter two matters, the Tsangs contend that, in June 2010, they each entered into an agreement with Benjamin Kirk (also known as Benny Ko) to each invest $1.5 million dollars (for a total of $3 million) for a 20% interest (40% interest combined) in the Debtor.  The Debtor, however, contends that through subsequent actions, the Tsangs relinquished their equity interests in the Debtor.  To settle these disputes, the Debtor and the Tsangs entered into a settlement agreement (the "<u>Settlement Agreement</u>") which establishes a specific amount paid to the Tsangs upon a sale of the Property, and termination of litigation rather than litigating potential equity interest percentages and distributions related thereto.  The material terms of the Settlement Agreement are as follows:

- The Tsangs will have a secured claim in the amount of $3,112,297.46 only, and no other claims, which will be paid when the Property is sold;
- The foregoing secured claim will be subordinated to existing secured claims, as well as administrative claims of the estate and all priority and general unsecured claims as scheduled, but excluding claims of insiders;

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- To perfect such security interest, the Tsangs will receive limited relief from the automatic stay to record the Deed of Trust attached to the Agreement; and
- The parties will exchange releases, provided that the releases do not extend to (and from) insiders of the Debtor (e.g., Lucy Gao and Benjamin Kirk).

On April 22, 2015, the Debtor filed the *Motion Pursuant to Bankruptcy Rule 9019 to Approve Compromise of Controversy and Authorize Limited Relief from the Automatic Stay to Effectuate Settlement* (the "9019 Motion") requesting Court approval of the Settlement Agreement. (Doc. No. 56). On May 20, 2015, the Court entered an order (the "9019 Order") approving the Settlement Agreement and granted the Tsangs limited stay relief for the purpose of recording a deed of trust against the Debtor's Property in accordance with and in the form set forth in the Settlement Agreement. (Doc. No. 64). The 9019 Order also approved the Stipulation (Doc. No. 60), which provided ELSV stay relief to record a notice of withdrawal of the *lis pendens* previously recorded against the Property in connection with the pending Superior Court action titled ELSV v. Ko, et al., Case No.1-13-CV-254835.

Separate from the Settlement Agreement, the Tsangs also filed a *Notice of Withdrawal of Motion to Appoint Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104* on May 27, 2015. [Doc. No. 68].

(IV) <u>Whether the estate has any potential avoidance actions as described in 11 U.S.C. §§ 544-550?</u>

The Debtor, currently, is not aware of any potential avoidance claims that the estate can pursue. The Debtor intends to analyze its books and records to determine whether such claims may exist, if necessary. However, at this time, the Debtor believes that the estate is solvent and that the sale of the property will result in satisfaction of all claims in full. If accurate, there will likely be no avoidance actions (since there is no insolvency) and no beneficiaries who may benefit from such litigation (since everyone will be paid from the proceeds of the sale).

(V) <u>Whether the Debtor is in compliance with all of its duties under 11 U.S.C. §§ 521, 1106, and 1107, and all applicable guidelines of the Office of the U.S. Trustee?</u>

The Debtor is in compliance with sections 521, 1107, and 1108 of title 11 of the United States Code, section 101 *et seq.* (the "<u>Bankruptcy Code</u>").  The Debtor has attended its initial debtor interview with the Office of the United States Trustee (the "<u>OUST</u>") and its Section 341(a) meetings of creditors.  The Debtor has filed its 7-day package, bankruptcy schedules, and statement of financial affairs.  The Debtor filed monthly operating reports for every month of this bankruptcy case, from January 2015 through April 2015.  All quarterly fees to the Office of the United States Trustee have been paid.

(VI) <u>The identity of all professionals retained or to be retained by the estate.</u>

The Debtor has retained Levene, Neale, Bender, Yoo & Brill L.L.P. ("<u>LNBYB</u>") as its general bankruptcy counsel to represent it in connection with its chapter 11 bankruptcy case. LNBYB's employment application was filed on February 11, 2015, and the order approving the application was signed on March 10, 2015.

The Debtor also retained Lulu Knowlton of Keller Williams as its real estate broker to market and sell the Property.  The application to employ the broker was filed on March 4, 2015, and the order approving the application was signed on March 30, 2015

(VII) <u>Estimation of when a disclosure statement and plan will be filed and served</u>.

The Debtor plans to sell the Property in a § 363 sale during the pendency of this case. Upon a sale of the Property, the Debtor anticipates that it will file a motion for authority to disburse funds and dismiss this case, since this will be the most efficient manner of providing payments to creditors and resolving all issues in this case.  Based on the foregoing, the Debtor requests that the Court not set a deadline to file a disclosure statement and plan at this time. However, if the Court requires that such a deadline be set now, the Debtor respectfully requests that the deadline be set in approximately 120 days to allow marketing/sale efforts to occur, without prejudice to seeking an extension of such deadline based on development of

circumstances.

(VIII)  Proofs of claims and interests.

The Court set a claims bar date of May 19, 2015, and the Debtor served a Notice of Claims Bar Date on all parties entitled to notice on March 19, 2015.

On May 19, 2015, Darryl and Mercedes Owen filed two pleadings: (1) Secured and Priority Proof of Claim in the amount of $690,000 ("Claim #8"); and (2) Priority Claim under 11 U.S.C. § 507 for Unlawful Seizure/ Criminal Fraud/ Obstruction/ and Court Extortion [Doc. No. 65] (the "Priority Pleading").  Because Claim #8 is not supported by any documentation or other evidence, and the Priority Pleading appears to erroneously implicate the Debtor in something that it has no connection to (i.e., the alleged misconduct of Ocwen Financial and JP Morgan and some government proceedings), on May 22, 2015, the Debtor filed a motion requesting the Court to disallow Claim #8 and the Priority Pleading in their entirety.

Dated: May 27, 2015                GOLD RIVER VALLEY, LLC


By:   /S/ Jeffrey S. Kwong
         DAVID B. GOLUBCHIK
         JEFFREY S. KWONG
         LEVENE, NEALE, BENDER, YOO
         & BRILL, L.L.P.
         Attorneys for Chapter 11 Debtor
         and Debtor in Possession

# DECLARATION OF BENJAMIN KIRK

I, Benjamin Kirk, hereby declare as follows:

1. I am over 18 years of age. Except where otherwise stated, I have personal knowledge of the facts set forth below and, if called to testify, I would and could competently testify thereto.

2. I am the managing member of Sunshine Valley, LLC, who has a 100% ownership interest in Gold River Valley, LLC (the "Debtor"). I also manage the operations of the Debtor. I make this Declaration in support of the Debtor's Chapter 11 Status Conference Report.

3. The Debtor commenced its bankruptcy case by filing a voluntary Chapter 11 petition on January 16, 2015.

4. The Debtor's primary asset is real property located at 650-652 S. Lake Avenue, Pasadena, California 91105 (the "Property"). The Property consists of twelve luxury condominium units (the "Condominium Units"), each ranging in size from 1,340 to 2,120 square feet, and is in the prestigious South Lake community of Pasadena and within minutes of the Rose Bowl, the Huntington Library and Gardens, and the Norton Simon Museum. Several of the Condominium Units have private elevators and a sweeping view of the San Gabriel Mountains.

5. I believe that the value of the Property is approximately $12 million and that the sale of the property will result in payment to all creditors in full.

6. I have read the status report to which this Declaration is attached. I hereby verify that all information set forth therein is true and correct to the best of my knowledge.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 27th day of May 2015, at West Covina, California.



BENJAMIN KIRK

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: Levene, Neale, Bender, Yoo & Brill L.L.P., 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067.

A true and correct copy of the foregoing document entitled: **CHAPTER 11 STATUS REPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **May 27, 2015**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Simon Aron    saron@wrslawyers.com
- Marianne M Dickson    MDickson@seyfarth.com, shobrien@seyfarth.com
- David B Golubchik    dbg@lnbyb.com, dbg@ecf.inforuptcy.com
- Elsa M Horowitz    ehorowitz@wrslawyers.com
- Jeffrey S Kwong    jsk@lnbyb.com, jsk@ecf.inforuptcy.com
- Queenie K Ng    queenie.k.ng@usdoj.gov, dare.law@usdoj.gov
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL**: On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

N/A

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**
(state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **May 27, 2015** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Served via Attorney Service**
Hon. Thomas B. Donovan
United States Bankruptcy Court
Edward R. Royal Federal Building and Courthouse
255 E. Temple Street, Suite 1352/Courtroom 1345
Los Angeles, CA 90012

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 27, 2015 | Debra G. Ige | */s/ Debra G. Ige* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**