DAVID B. GOLUBCHIK (State Bar No. 185520)
JEFFREY S. KWONG (State Bar No. 288239)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone:  (310) 229-1234; Email: dbg@lnbyb.com; jsk@lnbyb.com
Attorneys for Chapter 11 Debtor and Plan Proponent

SIMON ARON (State Bar No. 108183)
WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
11400 West Olympic Boulevard, 9th Floor
Los Angeles, California 90064-1582
Telephone: (310) 478-4100; Email: saron@wrslawyers.com
Attorneys for Secured Creditor Lone Oak Fund, LLC

SEYFARTH SHAW LLP
Eric R. McDonough (SBN 193956)
333 S. Hope Street, Suite 3900
Los Angeles, California 90071
Telephone: (213) 270-9600; Email: emcdonough@seyfarth.com

Marianne M. Dickson (SBN 249737)
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823; Email: mdickson@seyfarth.com
Attorneys for Creditors Lana and Elaine Tsang

**FILED & ENTERED**

**SEP 16 2015**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY penning   DEPUTY CLERK**

**CHANGES MADE BY COURT**

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>GOLD RIVER VALLEY, LLC,<br><br>    Debtor and Debtor in Possession. | Case No. 2:15-bk-10691-TD<br>Chapter 11 Case<br><br>**ORDER CONDITIONALLY CONFIRMING DEBTOR'S CHAPTER 11 PLAN [DOC. NO. 84]**<br><br><u>Plan Confirmation Hearings:</u><br>Date:   August 26, 2015<br>Time:  10:00 a.m.<br>Place:  Courtroom 1345<br>            255 East Temple Street<br>            Los Angeles, CA 90012<br><br><u>Continued Plan Confirmation Hearings:</u><br>Date:   September 2, 2015<br>Time:  10:00 a.m.<br>Place:  Courtroom 1345<br>            255 East Temple Street<br>            Los Angeles, CA 90012 |

1

<u>Continued Plan Confirmation Hearings:</u>
Date: September 10, 2015
Time: 10:00 a.m.
Place: Courtroom 1345
255 East Temple Street
Los Angeles, CA 90012

<u>Hearing Re: Settling Conditional Confirmation Order:</u>
Date: September 14, 2015
Time: 1:00 p.m. (by telephone)
Place: Courtroom 1345
255 East Temple Street
Los Angeles, CA 90012

As set forth herein, the parties identified above hereby stipulate to the form of this conditional plan confirmation order to facilitate an orderly resolution of the claims of Lone Oak Fund, LLC ("Lone Oak"), as a secured creditor in this Chapter 11 case, in order to allow the entry of such further orders as may be necessary to achieve a final plan confirmation order, and to enable the parties to secure a "just, speedy and inexpensive" determination of significant outstanding disputes in this case.

The Motions for Confirmation of Debtor's Chapter 11 Plan (the "<u>Confirmation Motions</u>") [Doc. Nos. 85 and 86] of Gold River Valley, LLC, debtor and debtor-in-possession in the above-captioned Chapter 11 case (the "Debtor), were heard on August 26, 2015, September 2, 2015, September 10, 2015, and September 14, 2015 before the Honorable Thomas B. Donovan, United States Bankruptcy Judge for the Central District of California, Los Angeles Division, in Courtroom "1345" located at 255 East Temple Street, Los Angeles, California 90012. Appearances at the confirmation hearings were made as set forth on the record of the Court.

The Court, having considered:

(1) the Debtor's Chapter 11 Plan [Doc. No. 84];

(2) the Confirmation Motion [Doc. No. 85];

(3) the related Confirmation Motion to Dispense with Debtor's Disclosure Statement and

2

1 | to schedule a hearing [Doc. No. 86];

2 |  (4) the Declaration of Benjamin Kirk in support of and attached to Debtor's Confirmation Motion [Doc. No. 85];

4 |  (5) Debtor's Notice Of Sale Of Estate Property [Doc. No. 87];

5 |  (6) Lone Oak's Opposition to Debtor's Confirmation Motions [Doc. Nos. 95 and 98];

6 |  (7) Lone Oak's Request for Judicial Notice in support of its Opposition (the "RJN") [Doc. No. 94];

8 |  (8) Debtor's Reply To Opposition Of Lone Oak to Motions for Confirmation of Debtor's Chapter 11 Plan [Doc. No. 101];

10 |  (9) Debtor's Objection to Lone Oak's RJN [Doc. No. 103];

11 |  (10) Reply to Opposition of Lone Oak to Motions for Confirmation of Debtor's Chapter 11 Plan filed by creditors Lana Tsang and Elaine Tsang [Doc. No. 100];

13 |  (11) all of the evidence proffered or adduced at, filings in connection with, statements, representations and arguments of counsel made at, the confirmation hearings, and the entire record in this case, after due deliberation thereon and for the reasons set forth on the record at the confirmation hearings (which are hereby incorporated by reference pursuant to Federal Rule of Bankruptcy Procedures 7052), good cause and adequate notice appearing therefor,

18 |  IT IS HEREBY ORDERED AS FOLLOWS:

19 |  1. Notice of Debtor's Plan and confirmation motions, and each opposition and reply thereto, was timely and adequate.

21 |  2. Debtor's Plan [Doc. No. 84] and each of its provisions (as if set forth in this Order) is conditionally approved and confirmed pursuant to Sections 1129(a) of 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"), subject to the following three conditions:

24 |   a. Completed Sale of the Property: The effectiveness of this Order conditionally confirming Debtor's Chapter 11 Plan is contingent upon closing of the sale of the property located at 650-652 S. Lake Avenue, Pasadena California 91006 (the "Property"), as provided for in the Plan, to Ding Gang and/or his assignee, Lake BD Investment, LLC (collectively, the "Buyer");

  b. <u>The Court's Later Final Order, if any, finding that Class 2 is Unimpaired</u>: The effectiveness of this Order conditionally confirming Debtor's Chapter 11 Plan is also contingent upon a subsequent final order, if any, that Class 2, consisting of the claims held by Lone Oak, is unimpaired, and not entitled to vote for or against the Plan, pursuant to Sections 1124(2)(A) and 1124(2)(C) of the Bankruptcy Code.

  c. <u>Lone Oak's Reservation of Rights</u>:  This Order does not impact, prejudice, affect or adjudicate any of Lone Oak's objections to the Debtor's Plan, except as otherwise specifically provided herein; any of Lone Oak's rights, allegations, claims or contractual rights in the Debtor's bankruptcy case, against the Debtor, the Debtor's principals, or any third parties, each of which is expressly reserved by this Order; and the Debtor's objections and responses thereto, as well as any third party's objections or responses thereto, are expressly reserved by this Order.

 3. The Court shall subsequently determine, upon further briefing and a hearing to be scheduled shortly, whether Lone Oak is entitled to receive from the proceeds of the sale of the Property any portion of the disputed amount of its claim representing default interest pursuant to Sections 1123(a)(5)(G) and 1123(d) of the Bankruptcy Code or otherwise.

 4. Other than as set forth above in paragraphs 2(b) and 3, the Court shall subsequently determine, upon further briefing and a hearing to be scheduled shortly, whether Lone Oak is entitled to receive from the proceeds of the sale of the Property any payment of interest on its secured claim, and any reasonable fees, costs, or charges provided for under the agreement or state statute under which Lone Oak's claim arose, pursuant to Section 506(b) of the Bankruptcy Code.

 5. The Court orders on a final basis hereby that the sale of the Property as provided under the Debtor's Plan is hereby authorized and approved.  The Debtor is hereby fully authorized and empowered to (a) execute, deliver, perform under, consummate, and implement the Agreement (as that term is defined in the Plan); (b) execute all additional instruments and documents that may be reasonable and necessary or desirable to implement the Agreement and the transactions contemplated thereby; (c) take all further actions as may be necessary or

1   appropriate for the purpose of assigning, transferring, granting or conveying its interest in the
2   Property to the Buyer; and (d) take such other and further steps as are contemplated thereby to
3   fulfill its obligations or as may be necessary to document and close the sale of the Property as
4   soon as practicable after the entry of this Order.

5         6.   Upon the closing of the sale transaction (the "<u>Closing</u>"), the conveyance and
6   assignment of the Property will be a legal, valid, and effective transfer of the Property to the
7   Buyer, and will vest the Buyer with all right, title and interest of the Debtor in and to the
8   Property free and clear of all mortgages, deeds of trust, security interests, conditional sale or
9   other title retention agreements, pledges, liens, mechanics', materialmens' and other consensual
10  and non-consensual liens and statutory liens, claims (including, but not limited to, any "claim"
11  as defined in Section 101(5) of the Bankruptcy Code), reclamation claims, covenants,
12  restrictions, hypothecations, charges, indentures, loan agreements, instruments, contracts, leases,
13  licenses, options, rights of first refusal, offsets, recoupment, rights of recovery, orders and
14  decrees of any Court or foreign or domestic governmental entity, claims for reimbursement,
15  contribution, indemnity or exoneration, assignment, preferences, debts, charges, suits, rights of
16  recovery, interests, alter-ego, environmental, successor liability, judgments, demands,
17  encumbrances, constructive or resulting trusts, or other encumbrances or charges of any kind or
18  nature, if any, including but not limited to any restriction on the use, transfer, receipt of income,
19  or other exercise of any attributes of ownership.

20        7.   Each and every federal, state and local governmental agency or department is
21  hereby directed to accept any and all documents and instruments necessary and appropriate to
22  consummate the transactions contemplated by the Agreement and this Order.  A certified copy
23  of this Order shall be accepted by any federal, state or local recording or filing authority as
24  evidence of the release of all liens ("<u>Liens</u>") against the Property.

25        8.   As a result of the foregoing, all persons or entities, including any Governmental
26  Unit (as defined in section 101(27) of the Bankruptcy Code), holding any Lien against the
27  Property or asserting any Claim against the Debtor are forever barred and estopped from
28  asserting any such Lien or such Claim against the Buyer, the Property, or any other assets of the

1  Buyer. This Court shall retain exclusive jurisdiction to enforce this Order to bar the enforcement
2  or assertion of any such Lien or such Claim against the Buyer, or the Property.

3        9.      On and after the Closing, the holders of Claims against the Debtor and Liens
4  against the Property are directed to execute such documents and take all such actions as may be
5  reasonable and necessary to terminate and expunge any such Lien and any such Claim against
6  the Property as such Lien or Claim may have been recorded or may otherwise exist.  To the
7  extent that any holder of any such Claims against the Debtor or any such Lien against the
8  Property refuses to execute any such documents as may be necessary to terminate and expunge
9  any such Lien or Claim against the Property consistent with this Order, the Debtor and the
10 Buyer are authorized to take such actions unilaterally, including without limitation, filing UCC-
11 3 Termination Statements to release any Lien on the Property.

12       10.      The Buyer hereby is granted the benefits and protections of a good faith
13 purchaser, in connection with the Property.  No portion of the Property to be sold and assigned
14 pursuant to the Agreement shall be severable for mootness or any other purpose from any other
15 portion of the Property. The sale of the Property shall constitute but one nonseverable
16 transaction.

17       11.      The Debtor's assumption and assignment to the Buyer of all real property leases
18 of the condominium units on the Property (the "Condominium Units") with the Debtor as lessor
19 to tenants (the "Leases"), is hereby approved, with such assumption and assignment to be
20 effective as of the date of the Closing.

21       12.      Subject to the foregoing assumption and assignment of the Leases, any remaining
22 executory contracts and unexpired leases to which the Debtor is a party, if any, are hereby
23 deemed rejected, with such rejection to be effective as of the date of Closing.

24       13.      Benjamin Kirk is authorized and directed, for and in the name of the Debtor, to
25 execute all documents, agreements and deeds related to the foregoing sale transaction.

26       14.      Upon the Closing, escrow is directed to disburse the proceeds of the sale as
27 follows:

28       a.      All ordinary and customary costs, fees and brokers' commissions associated

with the transaction contemplated as required for the Closing to occur and the transfer of the Property to the Buyer, subject to the requirement of the Buyer to deposit $200,000 of broker's commissions into escrow to be distributed at Closing pursuant to the Agreement;

b. Payment of all outstanding secured property taxes with respect to the Property through the Closing;

c. Payment of the asserted secured claim of Lone Oak pursuant to a payoff demand, provided that Lone Oak's demand shall exclude, and escrow shall not pay, any portion of default interest with respect to such secured claim, as identified on the Court's record;

d. Payment of $3,112,297.46 jointly to Lana Tsang and Elaine Tsang in full payment of their allowed claim provided for in Class 3 of the Plan; and

e. The balance of the proceeds (the "Estate Proceeds") shall be transferred to Levene, Neale, Bender, Yoo & Brill L.L.P.'s client trust account pursuant to the following wire instructions:

**First Republic Bank**
Los Angeles, CA   90067
Telephone: (310-407-7011)   Fax  (310) 407-7059
Attention: Wire department
Account name:	Levene, Neale, Bender, Rankin & Brill L.L.P.
                PFS   Disbursement Account
Account number:  99700014915
ABA NO:  321081669

15. The Liens and Claims of Lone Oak, to the extent unpaid from escrow, shall attach to the Estate Proceeds with the same validity, extent and priority as Lone Oak was entitled to immediately prior to the sale pending further order of the Court. Except as provided in this Order, no distribution shall be made from the Estate Proceeds except pursuant to further order of the Court or the written agreement of Lone Oak.

16. In the event that the conditions to confirmation of the Debtor's Plan are not satisfied after the Closing, or in the event that conditional or final plan confirmation is reversed

or otherwise modified after the Closing, the sale of the Property shall remain final, unaffected, and not subject to reversal, cancellation or modification. All parties have waived all right to reconsideration or appeal of the portion of the order authorizing sale of the Property. The Estate Proceeds shall replace the Property as an asset of the Debtor's estate for all purposes and remain subject to Paragraph 14 of this Order pending further order of the Court directing the distribution of such proceeds or the written agreement of Lone Oak.

17. This Court hereafter shall and does retain exclusive jurisdiction: (a) to implement, interpret, construe, and enforce the terms and provisions of the Agreement and this Order, all amendments thereto, any waivers and consents thereunder, any agreements executed in connection therewith, and any and all disputes that may arise under the Agreement or this Order as between the Debtor and the Buyer; (b) to hear and determine any and all disputes between the Debtor or the Buyer, as the case may be, and any third parties relating to the Agreement; (c) compel delivery and payment of the consideration provided for under the Agreement; (d) resolve any disputes, controversies or claims arising out of the Agreement; and (e) interpret, implement, and enforce the provisions of this Order.

18. The 14-day stay period of Rule 6004(h) of the Federal Rules of Bankruptcy Procedures, to the extent applicable, is hereby waived.

**IT IS SO ORDERED.**

### 

Date: September 16, 2015

Thomas B. Donovan
United States Bankruptcy Judge