EXHIBIT "1"

1 | SIMON ARON (State Bar No. 108183)
     saron@wrslawyers.com
2 | ELSA HOROWITZ (State Bar No. 195689)
     ehorowitz@wrslawyers.com
3 | WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
     11400 West Olympic Boulevard, 9th Floor
4 | Los Angeles, California 90064-1582
     Telephone:    (310) 478-4100
5 | Facsimile:    (310) 479-1422

6 | Attorneys for Secured Creditor Lone Oak
     Fund, LLC
7 |

8 |                 **UNITED STATES BANKRUPTCY COURT**

9 |                 **CENTRAL DISTRICT OF CALIFORNIA**

10 |                      **LOS ANGELES DIVISION**

11 |

12 | In re                                    Case No.: 2:15-bk-10691-TD

13 | GOLD RIVER VALLEY, LLC,                  Chapter 11

14 |           Debtor.                        Filed 1/16/15

15 |                                          ***EMERGENCY MOTION* FOR THE
                                             APPOINTMENT OF A CHAPTER 11
16 |                                          TRUSTEE PURSUANT TO 11 U.S.C.
                                             §1104, OR, IN THE ALTERNATIVE
17 |                                          TO ADVANCE THE HEARING ON
                                             THE MOTION OF LONE OAK FOR
18 |                                          APPOINTMENT OF A CHAPTER 11
                                             TRUSTEE; MEMORANDUM OF
19 |                                          POINTS AND AUTHORITIES IN
                                             SUPPORT OF SAME;
20 |                                          DECLARATIONS IN SUPPORT OF
                                             SAME**

21 |
                                             **Judge: Hon. Thomas B. Donovan
22 |                                          Date:   Emergency Hearing Requested
                                             Time:   Emergency Hearing Requested
23 |                                          Crtrm: 1345
                                                     255 E. Temple Street
24 |                                                  Los Angeles, CA 90012**

25 |        Pursuant to Local Bankruptcy Rule 9075-1(a) and section 1104(a) of chapter 11 of

26 | title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the "**Code**"), secured creditor

27 | Lone Oak Fund, LLC,  ("**Lone Oak**"), through its attorneys of record, hereby files this

28 | *Emergency Motion for the Immediate Appointment a Chapter 11 Trustee* (the "**Emergency**

2113688.1                                    -1-

1  **Motion**") or in the alternative, to advance the hearing in connection with the *Notice of*

2  *Motion of Lone Oak for Appointment of a Chapter 11 Trustee* (the "**Notice of Hearing**").

3  [Doc. # 163 ].

4  I.    **RELIEF REQUESTED IN THE EMERGENCY MOTION**

5        By the Emergency Motion, Lone Oak seeks to have the Court immediately appoint

6  a Chapter 11 trustee for Gold River Valley, LLC, debtor-in-possession (the "**Debtor**").

7  Alternatively, if the Court is not inclined to appoint a trustee immediately, Lone Oak seeks

8  to advance the hearing on the Notice of Hearing (which incorporates this Emergency

9  Motion and shall be collectively deemed the moving papers) which Lone Oak has noticed

10  for November 16, 2015, at 2:00 p.m.

11  II.    **BASIS OF THE EMERGENCY MOTION**

12        As detailed below, the immediate appointment of a trustee is necessary pursuant to

13  Code §1104(a)(1) and (2), on the grounds that:

14        (1)    The current management of the Debtor, Lucy Gau (aka Xiangxin Gau aka

15  Lucy Gao), and Benjamin Kirk (aka Benny Ko, aka Benny T. Ko, aka Benny Kirk, aka

16  Benn Ko, dba SJ 1077 LLC, (hereinafter "**Gau**" and "**Ko**", and collectively referred to as

17  the "**Debtor's Management**") have interfered with the Debtor's fiduciary duty to creditors

18  and this estate by refusing to sign documents necessary to close the escrow for the sale of

19  the Property[1], which sale was approved by this Court and was the lynchpin to the entry of

20  the Order Conditionally Confirming Debtor's Chapter 11 Plan (the "**Conditional Order**

21  **Confirming the Plan**")[Doc. #128]

22        (2)    Not only was the sale was originally scheduled to close within thirty (30)

23  days from acceptance of the offer (i.e. around August 21, 2015), but the closing of the sale

24  is an express condition to the confirmation of Debtor's plan of reorganization.

25  [Conditional Order Confirming Plan, ¶ 2.a].

26

27  _____

    [1] The "**Property**" is the estate's asset located at 650-652 S. Lake Avenue, Pasadena, CA 91106.

28

2113688.1                                              -2-

1      (3)    Debtor's Management has failed to confirm to escrow whether they intend to

2  proceed with the sale of the Property;

3      (4)    The Debtor's Management has failed to cooperate with the Debtor's counsel

4  Levene, Neale, Bender, Yoo & Brill L.L.P. ("**LNBYB**"),with respect to the direction of the

5  Chapter 11 Case (as defined herein) and the Plan (as defined herein), which has made it

6  impossible for LNBYB to carry out its representation of the Debtor effectively in this case

7  as evidenced by the *Motion For Counsel Of Record, Levene, Neale, Bender, Yoo & Brill*

8  *LLP, To Withdraw As Counsel For The Debtor And Debtor In Possession* filed on October

9  20, 2015 (the "**Motion to Withdraw**") [Doc. #156];

10      (5)    The Debtor's Management engaged in fraud and criminal forgery prior to the

11  commencement of the Chapter 11 case;

12      (6)    Since the commencement of the Chapter 11 case, the Debtor's Management

13  have conducted the financial affairs of the Debtor in a dishonest and incompetent manner,

14  grossly mismanaged the Debtor's businesses, and acting in their own self-interest to the

15  detriment of creditors, as now further evidenced by the fact they will not cooperate in the

16  closing of the pending escrow for the sale of the Property.

17      Thus, good cause exists for the appointment of a chapter 11 trustee and such

18  appointment is in the best interest of the creditors and the Debtor's estate, and is necessary

19  in order to promptly close the sale of the Property.  Therefore, the immediate appointment

20  of a chapter 11 trustee is warranted under Section 1104(a)(1) and (2) of the Code.

21  Alternatively, for the same reasons, the Notice of Hearing should be advanced to a date

22  and time convenient to this Court.[2]

23      Pursuant to Local Bankruptcy Rule 9075-1, Lone Oak requests the Court set an

24  immediate hearing on this Emergency Motion or advance the Notice of Hearing to a date

25  prior to the hearing on the Motion to Withdraw in order to ensure that a Chapter 11 trustee

26

27      [2] Currently, there are matters set for hearing in this case on October 28, 2015, at 11:00 a.m.

28

2113688.1            -3-

1 | can be appointed to facilitate the closing of the sale of the Property prior to potentially

2 | losing the sale and/or exposing the estate to litigation from the purchaser.

3 |      This Emergency Motion/Motion is made and based upon the accompanying

4 | Memorandum of Authorities, the request for judicial notice filed herewith, the declarations

5 | of Simon Aron and Elsa Horowitz, and on the pleadings and other papers on file in this

6 | Chapter 11 Case of which this Court is requested to take judicial notice; and on such other

7 | and further oral and/or documentary evidence and argument as may be presented at or

8 | before the hearing on this Emergency Motion/Motion.

9 | DATED: October 27, 2015           Respectfully submitted,

10 |

11 |             WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP

12 |

13 |

14 |             By: _____

15 |             SIMON ARON
ELSA M. HOROWITZ
Attorneys for Secured Creditor Lone Oak Fund,
LLC

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

## TABLE OF CONTENTS

Page

I.     RELIEF REQUESTED IN THE EMERGENCY MOTION ..................................2

II.     BASIS OF THE EMERGENCY MOTION .................................................2

I.     JURISDICTION AND VENUE ................................................................1

II.     PRELIMINARY STATEMENT ................................................................1

III.     IMMEDIATE APPOINTMENT OF A CHAPTER 11 TRUSTEE IS NECESSARY TO PROTECT THE ESTATE FROM IRREPARABLE HARM..................................................................................................1

IV.     STATEMENT OF RELEVANT FACTS ....................................................3

     A.     THE LOAN FROM LONE OAK .............................................3

     B.     PRE-PETITION EVENTS/FRAUDULENT TRANSFERS/CRIMINAL FORGERY : ................................3

     C.     PRE-PETITION LITIGATION ...............................................4

     D.     THE BANKRUPTCY AND PENDING ESCROW .......................5

V.     ARGUMENT ....................................................................................8

     A.     THIS COURT HAS THE AUTHORITY TO HEAR AND PERMIT NOTICE OF THE MOTION ON AN EMERGENCY BASIS .....................8

     B.     A TRUSTEE MUST BE APPOINTED DUE TO THE GROSS MISMANAGEMENT, DISHONESTY, AND COMPLETE DISREGARD FOR THIS COURT'S ORDERS AS DEMONSTRATED BY THE DEBTOR'S MANAGEMENT .....................8

         1.     Cause Exists To Appoint A Chapter 11 Trustee .....................9

         2.     Besides the Factors Enumerated Under the Code, Other "Cause" Exists Which Supports the Appointment of a Trustee .........11

         3.     Appointment of A Trustee Is Warranted Under 11 U.S.C. § 1104(a)(2) ...................................................................12

VI.     CONCLUSION .................................................................................13

DECLARATION OF SIMON ARON......................................................................14

DECLARATION OF ELSA M. HOROWITZ ...........................................................18

# TABLE OF AUTHORITIES

Page

**FEDERAL CASES**

*In re Bellevue Place Assocs.*
    171 B.R. 61 (Bankr. N.D. Ill. 1994) ........................................................................ 10

*In re Corona Care Convalescent Corp.*
    527 B.R. 379 (Bankr. C.D. Cal. 2015, J. Kwan) .......................................... 10

*In re Intercat, Inc.*
    247 B.R. 911 (Bankr. S.D. Ga. 2000) ................................................................. 11

*In re La Sherene, Inc.*
    3 B.R. 169 (Bankr. N.D. Ga. 1980) ..................................................................... 13

*In re Marvel Entertainment Group, Inc.*
    140 F.3d 463 (3d Cir. 1998) .................................................................................. 10

*In re Morpheus Lights, Inc.*
    228 B.R. 449 (Bankr. N.D. Cal. 1998) .............................................................. 10

*In re Oklahoma Refining Co.*
    838 F.3d 133 (10th Cir. 1988) .............................................................................. 10

*In re Products Int'l Co.*
    395 B.R. 101 (Bankr. D. Ariz. 2008) .................................................................. 10

*In re Russell*
    60 B.R. 42 (Bankr. W.D. Ark. 1985) ................................................................. 10

*In re V. Savino Oil & Heating Co., Inc.*
    99 B.R. 518 (Bankr. E.D.N.Y. 1989) ............................................................... 10

**FEDERAL STATUTES**

11 U.S.C. §105(a) ................................................................................................................ 1

11 U.S.C. §1104(a) ...................................................................................................... passim

11 U.S.C. §1104(a)(2) ........................................................................................................ 3

11 U.S.C. §1112(b) ............................................................................................................. 1

28 U.S.C. §1334 .................................................................................................................. 1

28 U.S.C. §157 .................................................................................................................... 1

1

**STATE STATUTES**

2

California Penal Code §112 ................................................................................. 2, 4

3

4

**RULES**

5

Bankruptcy Rule 9006(c) ........................................................................................ 8

6

Local Bankruptcy Rule 9075-1 ........................................................................ 8, 13

7

8

**TREATISES**

9

7 Collier on Bankruptcy ¶1104.02(3)(b)  (15th ed. Rev. 1998) ........................... 10

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.    JURISDICTION AND VENUE

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This subject matter of this Emergency Motion is a core proceeding pursuant to 28 U.S.C. §157. The statutory predicates for the relief requested herein are 11 U.S.C. §§ 105(a), 1104(a) and 1112(b) of the Code.

## II.    PRELIMINARY STATEMENT

A trustee must be appointed here, pursuant to Section 1104(a) of the Code, because the Debtor's Management has not and is not adequately discharging the Debtor's fiduciary responsibilities. They are preventing the closing of the pending sale of the Property, which sale was scheduled to close thirty (30) days after acceptance (or about August 21, 2015), have failed to cooperate with Debtor's counsel in complying with the Chapter 11 Plan, and are the very same individuals who have ignored prior orders of this Court and defrauded Lone Oak, the Tsangs, and other creditors for their personal gain. To date, this Court has provided the Debtor's Management with great latitude and the opportunity to sell the Property and fulfill its Plan despite Lone Oak's objections. Based upon the most recent events (i.e., the Debtor's Management purposeful refusal to sign documents necessary to close escrow and their failure to cooperate LNBYB) there is no doubt that the immediate appointment of a Chapter 11 trustee is necessary and appropriate.

## III.    IMMEDIATE APPOINTMENT OF A CHAPTER 11 TRUSTEE IS NECESSARY TO PROTECT THE ESTATE FROM IRREPARABLE HARM

There is a critical need for this Court to hear Lone Oak's Emergency Motion immediately and appoint a Chapter 11 trustee. With each passing day in which escrow fails to close, this estate is faced with potential claims by the proposed purchaser and/or losing the sale altogether, and with it the confirmation of the Debtor's Plan. That, along with the now broken relationship between Debtor and its counsel as evidenced by LNBYB's Motion to Withdraw, establishes that the appointment of a Chapter 11 trustee is imperative to fulfilling the terms of the Conditional Order Confirming the Plan. If the

1    Motion to Withdraw (which is set for hearing on November 18, 2015) is granted prior to

2    the time a Chapter 11 trustee can be appointed, the likelihood of the Plan and the sale

3    falling apart is even greater.

4        Debtor's Management has again completely disregarded this Court's order – now

5    the Conditional Order Confirming the Plan.  This is unfortunately in line with their

6    previous behavior.  Prior to the filing of this Case[3], Debtor's Management perpetrated

7    fraudulent schemes on Lone Oak[4] and other creditors of this estate[5].  Since the Petition

8    Date, they have exhibited a complete disregard for its creditors and the orders of this

9    Court.[6]

10        Notwithstanding the exigency to close the sale escrow imposed on them, Debtor's

11    Management now refuses to cooperate with Debtor's counsel or to close the escrow for the

12    sale of the Property.  For all of these reasons, Lone Oaks submits that cause exists for the

13    immediate appointment of a chapter 11 trustee and that such appointment is in the best

14

---

15       [3] On January 16, 2015, (the "**Petition Date**"), the Debtor commenced this Chapter 11 reorganization case by

16    filing a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§101, *et seq.* (the "**Case**").

17       [4] Subsequent to the making of the loan to the Debtor, Lone Oak learned that its recorded deed of trust was

18    fraudulently re-conveyed by way a forged request for reconveyance and recoding the same with the Los Angeles County Recorder's Office, a felony, in violation of California Penal Code §§112-117 and are punishable by fine and imprisonment of up to sixteen (16) months, two (2) years or three (3) years in California state prison, and/or a fine of

19    up to ten thousand dollars ($10,000).

20       [5] As reflected in numerous pleadings before this Court, both in this Case and in the related case of *In re Atherton Financial Building, LLC*, Case No. 2;14-bk-27223-TD (hereinafter "**Atherton**" or the "**Related Debtor**"),

21    Debtor's Management have continually and purposely defrauded various parties, including the Tsangs, forged a reconveyance of Lone Oak's recorded deed of trust, and grossly mismanaged the Debtor and continue to do so by

22    torpedoing the pending sale of the Property.  In fact, in order to avoid the consequences of the Tsangs' allegations of fraud and wrongful conduct on the part of the Debtor's Management and motion to appoint a Chapter 11 trustee, the Debtor's Management "compromised" with the Tsangs by shifting their personal liability to the Debtor and granting

23    the Tsangs a junior secured claim against the Debtor's real property for $3,112,297.46 [Doc. #56].  To date, these deliberate and calculated wrongful acts on part of the Debtor's Management continue to detriment the estate and its

24    creditors.

25       [6] For example, the July 22, 2015 order directed the Debtor to provide Lone Oak with information on the purported sale of the Property, including broker information, price(s) negotiated etc. [Doc. #82](the "Order Re:

26    Disclosures Relating to Sale of Property"), which information should have been disclosed without the necessity of a Court order.  Debtor's Management intentionally failed to comply such Order even though they had entered into a

27    definitive purchase and sale agreement on June 13, 2015, which was sixty (60) days *before* the Court entered the Order Re: Disclosures Relating to Sale of Property.

28

1 interests of all creditors.

2 **IV.    STATEMENT OF RELEVANT FACTS**

3    **A.    THE LOAN FROM LONE OAK**

4    On or about September 16, 2011, Lone Oak loaned (the "**Loan**") Debtor

5 $3,950,000.00. The Loan is evidenced by a promissory note (the "**Note**") dated September

6 16, 2011. The Note provided for payments from defendant Gold River equal to all accrued

7 interest per month with the balance due and payable on September 30, 2012. Gau

8 executed the Note as "Managing member" of the Debtor. [See, Exhibit "B" attached to

9 Exhibit "1" to the Request for Judicial Notice filed by Lone Oak on August 19, 2015 as

10 Doc. No. 94 (the "**RFJN**")].

11    The Loan is secured by a Deed of Trust with Absolute Assignment of Leases and

12 Rent, Security Agreement and Fixture Filing (the "**Deed of Trust**") in a first position

13 against the Property. Gau executed the Note as "Managing member" of the Debtor. The

14 Deed of Trust was recorded on September 21, 2011, as instrument number 2011-1281776

15 in the Los Angeles County Recorder's Office. [See, Exhibit "C" attached to Exhibit "1" to

16 the RFJN].

17    On or about September 13, 2012, November 7, 2012, and November 6, 2013, Lone

18 Oak entered into modifications and/or forbearance agreements with the Debtor, all of

19 which were signed by Gau, in order avoid a foreclosure sale when they could not pay off

20 the Loan. [See, Exhibits "D", "E" and "F" attached to Exhibit "1" to the RFJN].

21    **B.    PRE-PETITION EVENTS/FRAUDULENT TRANSFERS/CRIMINAL**

22       **FORGERY :**

23    Without the prior written authorization, notice, or payoff of the Note, no less than

24 twelve (12) "wild deeds" were recorded, purporting to transfer title to the Property (the

25 "**Transfers**"). The Transfers were in direct violation of the terms of the Deed of Trust.

26 The Transfers evidence a pattern of actual fraud, gross mismanagement and abuse by the

27 Debtor's Management.

28    On or about August 27, 2012, a reconveyance of Lone Oak's Deed of Trust with the

2113688.1

1  forged signature of James A. Rothstein, president of Lone Oak Industries, Inc., which is

2  the manager of Lone Oak, was executed (the "**Forged Reconveyance**").  The Forged

3  Reconveyance was recorded on September 19, 2012, as instrument number 2012-1403707

4  in the Los Angeles County Recorder's Office. [See, Exhibit "I" attached to Exhibit "1" to

5  the RFJN].  The Forged Reconveyance was in direct violation of California Penal Code

6  §§112-117 and are punishable by fine and imprisonment of up to sixteen (16) months, two

7  (2) years or three (3) years in California state prison, and/or a fine of up to ten thousand

8  dollars ($10,000).

9        **C.    PRE-PETITION LITIGATION**

10        The Loan came due on April 30, 2014.  Debtor failed to pay off the Loan.  Debtor

11  also failed to pay real property taxes for the Property as of 2013 and there was in excess of

12  $217,000.00 due.

13        It was only after the Lone Oak learned of the tax default that it discovered the

14  Transfers and the Forged Reconveyance and related deeds of trust.  Thereafter, Lone Oak

15  obtained a "date down" of the Property which identified a lis pendens (the "**Lis Pendens**")

16  recorded on December 31, 2013 as instrument number 2013-1825476 with the Los

17  Angeles County Recorder's Office, in connection with the action entitled *ELSV LLC v.*

18  *Benny Ko*, et al currently pending in the Santa Clara Superior Court as case no.

19  113CV254835 (the "**ELSV Litigation**") and filed on October 16, 2013.  Ko is the

20  principal of the Debtor who signed the instant Bankruptcy Petition and related pleadings.

21  Both Ko and Gau are named in the ELSV Litigation which asserts claims of fraud against

22  Debtor's Management in connection with obtaining investment funds from ELSV for

23  acquisitions of property.

24        On July 21, 2014, Lone Oak commenced an action in the Los Angeles County

25  Superior Court entitled *Lone Oak Fund, LLC v. Gold River Valley, LLC et al.* (Case No.

26  BC552238) asserting claims for judicial foreclosure, specific performance of assignment

27  of rents, issues, and profits; appointment of receiver and injunctive relief; cancellation of

28  instruments; declaratory relief; quiet title; and fraud (the "**State Court Action**").  At the

2113688.1                              -4-

1  time Lone Oak filed the State Court Action there was approximately $4,854,976.84 due

2  and owing from Debtors.

3        Due to the Debtor's gross-mismanagement of its affairs, fraudulent recordation of

4  the Forged Reconveyance and related deeds of trust, and the Transfers, and the Lis

5  Pendens, Lone Oak sought and obtained the appointment of a judicial receiver in the State

6  Court Action.  On September 2, 2014, Kevin Singer ("**Receiver**") of Receivership

7  Specialists was appointed in the State Court Action as the Receiver for the Property.

8      **D.**    **THE BANKRUPTCY AND PENDING ESCROW**

9        On January 16, 2015, the Case was commenced.

10        On January 30, 2015, the Tsang filed a motion to appoint a Chapter 11 trustee in

11  this Case (the "**Tsang's Motion to Appoint Trustee**")[Doc. #9].

12        On February 9, 2015, Lone Oak and the Debtor filed a Stipulation for Order

13  Excusing Turnover of Property Pursuant to 11 U.S.C. §543(d) and Maintain Kevin Singer

14  as Receiver (the "**Stipulation to Excuse Turnover**")[Doc. #18].  On February 11, 2015,

15  this Court entered its order approving the Stipulation to Excuse Turnover.  [Doc. #22].

16        On April 22, 2015, the Debtor and the Tsangs filed Motion to Approve

17  Compromise Under Rule 9019 (the "**9019 Motion**")[Doc. #56].  On May 20, 2015, the

18  Court issued its order granting the 9019 Motion [Doc. #64].

19        On May 27, 2015, the Tsangs withdrew the Tsang's Motion to Appoint Trustee

20  because of the settlement reached with the Debtor as detailed in the 9019 Motion.  [Doc.

21  #68].

22        On June 29, 2015, Lone Oak filed its Order Re Disclosures Relating to Sale of

23  Property in accordance with this Court's instructions. [Doc. #75]  On July 22, 2015, this

24  Court entered the Order Re Disclosures Relating to Sale of Property. [Doc. #82], to which

25  Debtor's Management never produced a document.

26        On August 5, 2015, the Debtor filed:  Debtor's Chapter 11 Plan of Reorganization

27  (the "**Plan**")[Doc. #84], Motion For Confirmation Of Debtor's Chapter 11 Plan

28  ("**Confirmation Motion**")[Doc. #85], and Motion For Order (I) Setting Hearing On

1  Confirmation Of Plan Under Which There Are No Impaired Classes; And (II) Dispensing

2  With A Disclosure Statement ("**Dispensing with Disclosure Motion**")[Doc. #86],

3  disclosing for the first time the existence of a written, definitive agreement to sell the

4  Property dated June 13, 2015.

5    On August 19, 2015, Lone Oak also filed its opposition to the Dispensing with

6  Disclosure Motion. [Doc. #95] and to the Confirmation Motion. [Doc. #98]

7    On August 19, 2015, Lone Oak also filed its Emergency Motion For The

8  Appointment of a Chapter 11 Trustee Pursuant To 11 U.S.C. Section 1104, Or In The

9  Alternative, To Convert Case To Chapter 7 [Doc. #94], which was denied by an order

10  entered on August 25, 2015 [Doc. #104].

11    Hearings on the Confirmation Motion and the Dispensing with Disclosure Motion

12  took place on August 26, 2015, September 2, and September 10th. And, on September 16,

13  2015, the Court entered the Conditional Order Confirming the Plan.

14    Over Lone Oak's objections, on September 16, 2015, *over thirty (30) days ago*, this

15  Court conditionally approved the Debtor's Plan, in whole or large part to ensure that the

16  sale of the Property was preserved. Repeatedly, this Court was told '*time was of the*

17  *essence*". In fact, counsel for the Debtor made the following statement at the September

18  10, 2015 Continued Hearing Re: Dispensing with Disclosure Motion:

19    MR. GOLUBCHIK: -- and Your Honor can take a look at it.
      *And we're told by the buyers that they're ready to close right*
20    *away, so I will advise everybody here so we know that we now*
      *have a pot of cash to fight over, over a prospective pot of*
21    *cash*.

22  [Exhibit "1", Declaration of Simon Aron ("**Aron Decl**."), 9/10/15 Transcript, pg. 32, lines

23  7-11]

24    Further, there was the following discussion with the Court:

25    MR. GOLUBCHIK: Your Honor, everything just makes sense.
      I just want to make sure I understand correctly because we
26    have agreement as to form of order. When the Court's -- when
      you say you're going to look at what we filed, *that doesn't*
27    *mean you're going to delay entry of the order so we can have*
      *the sale closed, right?* This is just for the next step?

28

1    THE COURT: Yeah.

2    MR. GOLUBCHIK: Okay. *I just want to make sure we get a sale order entered and closed.*

3

4    THE COURT: Well --

     MR. GOLUBCHIK: Thank you.

5

6    THE COURT: -- in my mind, *that's a high priority because that's -- that removes one risk if something had happened to the property or something had had happened to the buyer.*

7

8    [Exhibit "2", Aron Decl., 9/10/15 Transcript, pg. 43, lines 7-22].

9    A dispute arose thereafter over the amount in Lone Oak's demand to escrow in

10   connection with the sale of the Property. [Aron Decl., ¶ 7]. On September 25, 2015, the

11   Debtor filed its Motion For Clarification of the Conditional Order Confirming the Plan

12   along with an order shortening time for hearing on the same (the "**Clarification Motion**").

13   [Doc. #140 and Doc. #141]

14   At a status hearing on October 2, 2015 regarding the Motion for Clarification, it was

15   agreed on the record between the Debtor and Lone Oak, through their attorneys of record

16   that" (i) the total sum of $592,320 from the proceeds of Lone Oak's payoff demand would

17   be delivered to the client trust account of Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP

18   pending a further order of the Court; and.(ii) the balance of Lone Oak's payoff demand

19   would be delivered to Lone Oak pursuant to its original instruction. [Aron Decl., ¶ 8].

20   Lone Oak forwarded supplemental escrow instructions to escrow in connection with

21   the sale of the Property on October 5, 2015, October 6, 2015, October 7, 2015 and finally

22   on October 19, 2015, together with other documents escrow required in connection with

23   the sale of the Property. [See, Aron Decl., ¶'s 9-12].

24   On October 14, 2015, Lone Oak filed its opposition to the Clarification Motion.

25   [Doc. #154]

26   On October 19, 2015, Lone Oak's counsel inquired into the status of the escrow and

27   closing of the sale, but received no response. [Aron Decl., ¶ 13].

28   On October 20, 2015, LNBYB filed its Motion to Withdraw. [Doc. #156]

2113688.1                                    -7-

1       On October 21, 2015, Lone Oak's counsel learned that Ko and Gau were refusing to

2 sign the documents necessary to close the sale escrow.  Further, that Ko is not responding

3 to requests from escrow and Gau asserts that they had not decided to complete the sale or

4 not.  [Declaration of Elsa Horowitz, ¶'s 2-3].

5 **V.**     **ARGUMENT**

6      **A.**     **THIS COURT HAS THE AUTHORITY TO HEAR AND PERMIT**

7           **NOTICE OF THE MOTION ON AN EMERGENCY BASIS**

8       Bankruptcy Rule 9006(c) and Local Bankruptcy Rule 9075-1 provide this Court

9 with the authority to shorten the time for notice of a hearing and to hear motions on an

10 expedited basis.

11       The circumstances presented herein warrant the issuance of an order to hear this

12 request on an emergency basis. Such a hearing is necessary to ensure that the sale

13 contemplated by the Conditional Order Confirming the Plan is completed and the loss of

14 that sale, as well as the exposure to the estate from failing to close the sale, is avoided.  It

15 is vitally important to all creditors that the sale close and the estate's current exposure due

16 to the Debtor's Management's refusal to comply with this Court's orders and cooperate

17 with the closing of the sale escrow is mitigated.

18      **B.**     **A TRUSTEE MUST BE APPOINTED DUE TO THE GROSS**

19           **MISMANAGEMENT, DISHONESTY,  AND COMPLETE**

20           **DISREGARD FOR THIS COURT'S ORDERS AS DEMONSTRATED**

21           **BY THE DEBTOR'S MANAGEMENT**

22       As set forth above, Debtor's Management previously ignored this Court's order by

23 failing to disclose the purchase and sale agreement entered into for more than sixty (60)

24 days prior.  Debtor's Management now refuses to close escrow for the sale of the Property

25 in direct contravention of the Conditional Order Confirming the Plan.  They are doing so

26 notwithstanding their counsel's statements on the record that the escrow was ready to close

27 as of September 10th, 2015.  Of course, they now have also failed to cooperate with their

28 own counsel, who has been forced to withdraw.  This behavior is unfortunately consistent

1   with the gross mismanagement and disregard exhibited by Debtor's Management prior to

2   the Petition Date.

3          As previously argued by Lone Oak in these bankruptcy proceedings and by the

4   Tsangs in the Tsangs Motion to Appoint Trustee, the Debtor's Management are *not* people

5   who should be managing the Debtor's affairs and least of all for the benefit of creditors.

6   This fact is acknowledged by the post-Petition Date retention of Lone Oak's Receiver to

7   retain supervision over and control of the Property pursuant to Code §542(d)(1).  The most

8   recent acts of Ko and Gau in refusing to close of the sale escrow on the Property and

9   failing to cooperate with Debtor's counsel further confirm that they are not acting as

10  fiduciaries of this estate or its creditors.

11                    1.      **Cause Exists To Appoint A Chapter 11 Trustee**

12         Section 1104(a) of the Bankruptcy Code provides:

13                 (a) At any time after the commencement of the case but before
                   confirmation of a plan, on request of a party in interest or the
14                 United States trustee, and after notice and a hearing, the court
                   **shall order the appointment of a trustee—**

15
                   **(1) for cause, including fraud, dishonesty, incompetence, or**
16                 **gross mismanagement of the affairs of the debtor by**
                   **current management…;**
17
                   **or (2) if such appointment is in the interests of creditors,**
18                 any equity security holders, and other interests of the estate,
                   without regard to the number of holders of securities of the
19                 debtor or the amount of assets or liabilities of the
                   debtor.(Emphasis added).
20

21         A debtor is not entitled to circumvent the law or misuse the bankruptcy proceedings

22  to financially benefit itself and/or its insiders, as the Debtor's Management has done here.

23  The Debtor's Management initially delayed closing escrow because they were not "happy"

24  with the amount of Lone Oak's payoff demand.  Notwithstanding a resolution reached by

25  the parties in court and as acknowledged by their counsel, Debtor's Management has

26  continued to refuse to sign escrow closing documents and Ko has not responded to any of

27  escrows calls or requests- thereby threatening the completion of the sale of the Property,

28  the confirmation of the Plan, and exposing the estate to litigation by the purchaser.  The

2113688.1                                    -9-

1  purpose of Section 1104(a) is to ensure that creditors are protected from such gross

2  mismanagement, dishonestly and utter disregard by Debtor's Management.

3      The creditor protection's set forth in Code §1104 should ***not*** be marginalized.  *In re*

4  *V. Savino Oil & Heating Co., Inc.*, 99 B.R. 518, 525 (Bankr. E.D.N.Y. 1989) ("1104(a)

5  represents a potentially important protection that courts should not lightly disregard or

6  encumber with overly protective attitudes towards debtors in possession").

7      The list for "cause" found in Section 1104(a) supporting the appointment of a

8  trustee is not exhaustive.  *In re Marvel Entertainment Group, Inc.*, 140 F.3d 463, 472 (3d

9  Cir. 1998).  However, Courts are not limited to the four enumerated "causes" in section

10  1104—fraud, dishonesty, incompetence, or gross mismanagement. *In re Bellevue Place*

11  *Assocs.*, 171 B.R. 61, 623-624 (Bankr. N.D. Ill. 1994). Thus, a Court that does not find one

12  of the grounds specifically enumerated in Section 1104(a)(1) may still find that cause

13  exists to appoint a trustee. See, e.g., *In re Oklahoma Refining Co.*, 838 F.3d 133 (10th Cir.

14  1988).  Moreover, "[c]ause and best interest of creditors and other parties are separate and

15  independent bases for granting a motion to appoint a trustee under 11 U.S.C. § 1104(a)."

16  *In re Corona Care Convalescent Corp.*, 527 B.R. 379, 384 (Bankr. C.D. Cal. 2015, J.

17  Kwan).  If the Court determines that cause exists under Section 1104(a)(1), there is no

18  discretion and an impartial trustee must be appointed.  *In re Russell*, 60 B.R. 42, 45

19  (Bankr. W.D. Ark. 1985).  *See also*, 7 Collier on Bankruptcy ¶1104.02(3)(b) at 1104-11-12

20  (15th ed. Rev. 1998).

21      "Chapter 11 debtor-in-possession owes a fiduciary duty to its creditors." *In re*

22  *Products Int'l Co.*, 395 B.R. 101 (Bankr. D. Ariz. 2008).  The Debtor's Management has

23  failed to fulfill their fiduciary duties to the creditors of this estate, have failed to comply

24  with this Court's orders, have exposed this estate to potential litigation and have risked the

25  closing of the sale of the Property because of their personal greed.  **Where there is doubt**

26  **about management's ability to carry out its fiduciary duties, appointment of a trustee**

27  **is the appropriate remedy.** *In re Morpheus Lights, Inc.*, 228 B.R. 449, 454 (Bankr. N.D.

28  Cal. 1998).

1    Furthermore, throughout these proceedings, the Debtor's Management has blatantly

2 ignored orders of this Court. *In re Plaza de Retiro, Inc.*, 417 B.R. 632 (Bankr. D. N.M.

3 2009) ("Independent grounds for appointing Chapter 11 trustee include a perceived

4 dishonesty or withholding of information by debtor ....").

5    In light of all these instances of "cause", a Chapter 11 trustee should be appointed in

6 this case forthwith. Moreover, the "best interest of creditors" in this case can only be

7 served by the immediate appointment of a Chapter 11 trustee. Debtor's Management is

8 simply ineligible to manage the Debtor in this Case and protect the interests of the

9 creditors and the estate. "[T]he appointment of a trustee is a power which is crucial for the

10 Court to exercise in order to preserve the integrity of the bankruptcy process and to insure

11 that the interests of creditors are served." *In re Intercat, Inc.*, 247 B.R. 911, 920 (Bankr.

12 S.D. Ga. 2000).

13    2.    **Besides the Factors Enumerated Under the Code, Other "Cause"**

14 **Exists Which Supports the Appointment of a Trustee**

15    Factors that courts have found relevant in making a determination to appoint a

16 Chapter 11 trustee include "(i) the trustworthiness of the debtor, *In re Evans*, 48 B.R. 46,

17 48 (Bankr.W.D.Tex.1985); (ii) the debtor in possession's past and present performance and

18 prospects for the debtor's rehabilitation, *In re Parker Grande Development, Inc.*, 64 B.R.

19 557, 561 (Bankr.S.D.Ind.1986); *In re L.S. Good & Co.*, 8 B.R. 312, 315

20 (Bankr.N.D.W.Va.1980); (iii) the confidence—or lack thereof—of the business

21 community and of creditors in present management, *In re Concord Coal Corp.*, 11 B.R.

22 552, 554 (Bankr.S.D.W.Va.1981); and (iv) the benefits derived by the appointment of a

23 trustee, balanced against the cost of the appointment, I*n re Microwave Products of

24 America, Inc.*, 102 B.R. 666, 675 (Bankr.W.D.Tenn.1989)." *In re Ionosphere Clubs, Inc.*,

25 113 B.R. 164, 168 (Bankr. S.D.N.Y. 1990).

26 ///

27 ///

28 ///

1    • **Trustworthiness of the Debtor**

2    Based on their past conduct as well as the history of actions filed against them,

3    neither Gau nor Ko can be considered trustworthy in this case.

4    • **Debtor In Possession's Past and Present Performance and Prospects for**

5    **the Debtor's Rehabilitation**

6    Lone Oak was forced to have a receiver appointed over the Debtor's sole asset in

7    the State Court Action, who is still in place today notwithstanding Section 543 of the Code

8    - which evidences Ko and Gau's past failures to adequately maintain, preserve and operate

9    the Debtor's only asset.  Further, now Ko and Gau are now refusing to sign and deliver

10    documents necessary to close the sale escrow so the Plan can proceed.

11    • **The Confidence—Or Lack Thereof—of The Business Community and of**

12    **Creditors In Present Management**

13    As evidenced by the litigation history, the creditors have **no** confidence in the

14    Debtor's Management.

15    • **The Benefits Derived by the Appointment of a Trustee, Balanced**

16    **Against the Cost Of The Appointment**

17    The fraudulent practices, gross-misrepresentations and bad acts of Debtor's

18    Management is evident.  Now -  with their purposeful interference with the closing of the

19    escrow on the Property and obvious dissention with Debtor's counsel - the appointment of

20    a trustee is crucial.  The estate would benefit from the appointment of an independent

21    trustee who could complete the sale of the Property, confirm the Plan, and provide

22    payment to all creditors.  And, in this case, the costs of a trustee are be appropriately borne

23    by the Debtor's Management, who are also the equity holders of record.

24    3.    **Appointment of A Trustee Is Warranted Under 11 U.S.C. §**

25    **1104(a)(2)**

26    Section 1104(a) of the Bankruptcy Code provides that:

27    the court shall **order the appointment of a trustee—**

28    (2) **if such appointment is in the interests of creditors,** any

1 | equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor. [Emphasis added].

4 | 11 U.S.C. § 1104(a)(2).

In determining whether a trustee should be appointed under section 1104(a)(2), courts look to the totality of the circumstances; they "eschew rigid absolutes and look [ ] to the practical realities and necessities." *In re Hotel Associates, Inc.*, 3 B.R. 343, 345 (Bankr. E.D. Pa. 1980). Appointment of a trustee under section 1104(a)(2) is appropriate where current management has acted "in wanton and reckless disregard of the financial reality of the business and its creditors." Id. at 458 (quoting *In re La Sherene, Inc.*, 3 B.R. 169, 175–76 (Bankr. N.D. Ga. 1980)).

The record herein is clear that the Debtor's Management has acted with a clear, reckless disregard of the interests of creditors and the estate, and now exposes the estate to loss and potential litigation. Consequently, the appointment of a Chapter 11 trustee is clearly in the best interests of creditors and is warranted and necessary.

## VI.    CONCLUSION

For all of the foregoing reasons, it is respectfully requested that this Court grant Lone Oak's Emergency Motion or in the Alternative, to Advance the Hearing on the Motion (of which the Emergency Motion herein shall be deemed the moving papers for the Motion) to a date and time convenient to this Court but prior to the hearing on the Motion to Withdraw.

Respectfully submitted,

DATED: October 27, 2015

WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP

By: _____
SIMON ARON
ELSA M. HOROWITZ
Attorneys for Secured Creditor Lone Oak Fund, LLC

2113688.1

-13-

## DECLARATION OF SIMON ARON

I, Simon Aron, declare as follows:

1.      I am an attorney duly admitted to practice before this Court.  I am of counsel to the law firm of Wolf, Rifkin, Shapiro, Schulman & Rabkin LLP, attorneys' of record for secured creditor Lone Oak Fund, LLC ("**Lone Oak**").  I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true.  If called as a witness, I could and would competently testify to the matters stated herein.  This declaration is being submitted in support of Lone Oak's Emergency Motion for the Immediate Appointment a Chapter 11 Trustee (the "**Emergency Motion**") or in the alternative, to advance the hearing on the Notice of Motion of Lone Oak for Appointment of a Chapter 11 Trustee (the "**Notice of Hearing**").

2.      Lone Oak objected to the following motions filed by Gold River Valley, LLC, debtor-in-possession's (the "**Debtor**"):

        a.      Motion For Confirmation Of Debtor's Chapter 11 Plan ("**Confirmation Motion**") [Doc. #85]; and,

        b.      Motion Notice Of Motion And Motion For Order (I) Setting Hearing On Confirmation Of Plan Under Which There Are No Impaired Classes; And (II) Dispensing With A Disclosure Statement ("**Dispensing with Disclosure Motion**")[Doc. #86].

3.      I also appeared at all hearing related to these Motions, including the hearings relating to the entry of the *Order Conditionally Confirming Debtor's Chapter 11 Plan* Entered on September 16, 2015 (the "**Conditional Order Confirming the Plan**")[Doc. #128] on August 26, 2015, September 2, 2015 and September 10, 2015.

4.      Throughout the numerous hearings, it was clear that the Court wanted to ensure that the proposed sale of the Property was completed so that creditors' claims could be paid in full.

5.      In fact at the at the September 10, 2015 Continued Hearing Re: Dispensing

1   with Disclosure Motion, Debtor's counsel made the following statements:

2       MR. GOLUBCHIK: -- and Your Honor can take a look at it.
And *we're told by the buyers that they're ready to close right*

3       *away, so I will advise everybody here so we know that we now*
*have a pot of cash to fight over, over a prospective pot of*

4       *cash*.

5   Transcript 9/10/15, pg. 32, lines 7-11, a true and correct copy of which is attached hereto

6   as **Exhibit "1"** and incorporated herein by this reference.

7       Further, there was the following discussion with the Court:

8       MR. GOLUBCHIK: Your Honor, everything just makes sense.
I just want to make sure I understand correctly because we

9       have agreement as to form of order. When the Court's -- when
you say you're going to look at what we filed, *that doesn't*

10       *mean you're going to delay entry of the order so we can have*
*the sale closed, right?* This is just for the next step?

11

      THE COURT: Yeah.

12
      MR. GOLUBCHIK: Okay. *I just want to make sure we get a*

13       *sale order entered and closed.*

14       THE COURT: Well --

15       MR. GOLUBCHIK: Thank you.

16       THE COURT: -- in my mind, *that's a high priority because*
*that's -- that removes one risk if something had happened to*

17       *the property or something had had happened to the buyer.*

18   Transcript 9/10/15, pg. 43, lines 7-22, a true and correct copy of which is attached hereto

19   as **Exhibit "2"** and incorporated herein by this reference.

20       6.    Since September 16, 2015, Lone Oak and my office have worked diligently

21   to ensure escrow would close.

22       7.    As the Court is aware, a dispute arose over the amount of Lone Oak's payoff

23   demand and, on September 25, 2015, the Debtor filed a Motion For Clarification of the

24   Conditional Order Confirming the Plan along with an order shortening time for hearing on

25   the same (the "**Clarification Motion**").  [Doc. #140 and Doc. #141].

26       8.    On October 2, 2015, at or about 11:00 a.m., a status hearing on the

27   Clarification Motion was held and it was agreed on the record between the Debtor and

28   Lone Oak, through their attorneys of record that: (i) the total sum of $592,320 from the

1  proceeds of Lone Oak's payoff demand would be delivered to the client trust account of

2  Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP pending a further order of the Court;

3  and.(ii) the balance of Lone Oak's payoff demand would be delivered to Lone Oak

4  pursuant to its original instruction.

5        9.    Thereafter, I prepared a supplemental instruction to escrow incorporating the

6  agreed upon change.  A true and correct copy of the October 5, 2015, email enclosing the

7  supplemental escrow instructions which detail the same is attached hereto as **Exhibit "3"**

8  and is incorporated herein by this reference. Exhibit "3" was maintained by my firm in the

9  ordinary course of business.  The date on the email is the date I sent the email.

10        10.    Thereafter, escrow and title requested additional language be included in the

11  escrow demand and Lone Oak immediately complied.  Similarly, on October 7, 2015, my

12  office forwarded a withdrawal of lis pendens to escrow for use in closing the sale.

13        11.    On October 14, 2015, Mr. Golubchik forwarded an email to title inquiring

14  into the status of closing.  I was copied on that email.  A true and correct copy of Mr.

15  Golubchik's October 14, 2015 email is attached hereto as **Exhibit "4"** and is incorporated

16  herein by this reference. Exhibit "4" was maintained by my firm in the ordinary course of

17  business.  The date on the email is the date I received it.

18        12.    Pursuant to escrow's request, on October 19, 2015, I provided a revised

19  supplemental instruction to escrow.  A true and correct copy of the October 19, 2015,

20  email enclosing the revised supplemental escrow instructions is attached hereto as **Exhibit**

21  **"5"** and is incorporated herein by this reference. Exhibit "5" was maintained by my firm in

22  the ordinary course of business.  The date on the email is the date I sent the email.

23        13.    On October 19, 2015, I sent another email to the escrow officer and title

24  office inquiring into the status of closing.  I never received a response thereto.  A true and

25  correct copy of the October 19, 2015, email is attached hereto as **Exhibit "6"** and is

26  incorporated herein by this reference. Exhibit "6" was maintained by my firm in the

27  ordinary course of business.  The date on the email is the date I sent the email.

28        14.    On October 20, 2015, Debtor's counsel Levene, Neale, Bender, Yoo & Brill

1  L.L.P. ("**LNBYB**") filed its Motion to Withdraw. [Doc. #156]

2      I declare under penalty of perjury under the laws of the United States of America

3  that the foregoing is true and correct.

4      Executed October 26, 2015, at Los Angeles, California.

5

6  _____

7  Simon Aron

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2113688.1

-17-

## DECLARATION OF ELSA M. HOROWITZ

I, Elsa M. Horowitz, declare as follows:

1.      I am an attorney duly admitted to practice before this Court.  I am a member of the law firm of Wolf, Rifkin, Shapiro, Schulman & Rabkin LLP, attorneys' of record for secured creditor Lone Oak Fund, LLC ("**Lone Oak**").  I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true.  If called as a witness, I could and would competently testify to the matters stated herein.  This declaration is being submitted in support of Lone Oak's Emergency Motion for the Immediate Appointment a Chapter 11 Trustee (the "**Emergency Motion**") or in the alternative, to advance the hearing on the Motion of Lone Oak for Appointment of a Chapter 11 Trustee (the "**Motion**").

2.      On October 21, 2015, I called Randy Dean, Vice President, Senior Title Officer at North American Title Company, the title officer handling the escrow for the Property (i.e., the estate's asset located at 650-652 S. Lake Avenue, Pasadena, CA 91106).  I spoke to Mr. Dean's assistant who informed me that title had not received the seller's signed escrow documents- which was preventing escrow from closing.  During that conversation, I asked that Mr. Dean return my call.  To date, I have received no return call from Mr. Dean.

3.      Immediately thereafter on October 21, 2015, I called Beatrice Wang of Central Escrow Inc., the escrow officer for the sale of the Property.  I spoke with her personally and asked her why escrow had not yet closed.  Ms. Wang informed me that she was not sure if the sellers were willing to go through with the sale.  She further stated that she could not "find Benny" (i.e., Benjamin Kirk aka Benny Ko, aka Benny T. Ko, aka Benny Kirk, aka Benn Ko, the Debtor's manger).  Ms. Wang further informed me that she spoke with Lucy Gau the previous night and was told by her that no determination had been made as to whether the sale would go through.  I asked Ms. Wang to call me back as soon as she had additional information.  To date, I have heard back from Ms. Wang.

I declare under penalty of perjury under the laws of the United States of America

1    that the foregoing is true and correct.

2       Executed October 27, 2015, at Los Angeles, California.

ELSA M. HOROWITZ

# EXHIBIT "1"

1      UNITED STATES BANKRUPTCY COURT

2     CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES

3              --oOo--

4    In Re:                    )  Case No. 2:15-bk-10691-TD
                               )
5    GOLD RIVER VALLEY, LLC,   )  Chapter 11
                               )
6    Debtor,                   )  Los Angeles, California
                               )  Wednesday, 10:00 A.M.
7    ---------------------------)  September 10, 2015

8                                 CONTINUED HEARING RE:
                                  DEBTOR'S MOTION FOR ORDER
9                                 (I) SETTING HEARING ON
                                  CONFIRMATION ON PLAN UNDER
10                                WHICH THERE ARE NO
                                  IMPAIRED CLASSES; AND (II)
11                                DISPENSING WITH A
                                  DISCLOSURE STATEMENT
12                                (DAVID B. GOLUBCHIK)

13                                CONTINUED HEARING RE:
                                  MOTION FOR CONFIRMATION OF
14                                DEBTOR'S CHAPTER 11 PLAN
                                  (JEFFREY KWONG)

15
                                  CONTINUED HEARING RE:
16                                NOTICE OF SALE OF ESTATE
                                  PROPERTY (DAVID B.
17                                GOLUBCHIK)

18                                CONTINUED HEARING RE:
                                  STATUS OF REORGANIZATION
19                                CASE

20             TRANSCRIPT OF PROCEEDINGS
         BEFORE THE HONORABLE THOMAS B. DONOVAN
21           UNITED STATES BANKRUPTCY JUDGE

22

23

24
     Proceedings produced by electronic sound recording;
25   transcript produced by transcription service.



P 888.272.0022  F 818.343.7119   BENHYATT   www.benhyatt.com
Certified Deposition Reporters

Page                                                          32

1          MR. ARON:  Why don't we upload a -- upload a

2     clean form?

3          MR. GOLUBCHIK:  Yeah.  We'll upload probably --

4     in the next half-hour we'll upload a clean order that

5     reflects everything that was discussed today --

6          THE COURT:  That would be great.

7          MR. GOLUBCHIK:  -- and Your Honor can take a look

8     at it.  And we're told by the buyers that they're ready to

9     close right away, so I will advise everybody here so we

10    know that we now have a pot of cash to fight over, over a

11    prospective pot of cash.

12         THE COURT:  Okay.  Let me ask, you asked for a

13    further hearing date.  What I wonder is, well, just what is

14    it you're going to do next and what are the -- what are

15    your thoughts about how you're going to do that?  And I was

16    hoping I would see some of that when I spoke last week at

17    the end of the hearing.

18         MR. ARON:  I apologize, Your Honor.  I didn't --

19    that wasn't at least my recollect -- that wasn't something

20    I either missed or I just didn't recall.  To be honest, I

21    don't -- Mr. Golubchik and I haven't really discussed the

22    process of going forward at any length.

23         Obviously we have issues that need to be resolved

24    and we're going to have a pot of money that's going to be

25    escrowed to Mr. Golubchik's trust account, so we'll have to

Page                                                                    54

1          I certify that the foregoing is a correct

2    transcript from the electronic sound recording of the

3    proceedings in the above-entitled matter.

4

5

6    _____          Date:   09/24/2015

7    RUTH ANN HAGER, C.E.T.**D-641

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25



# EXHIBIT "2"

1     UNITED STATES BANKRUPTCY COURT

2   CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES

3       --oOo--

4 In Re:       ) Case No. 2:15-bk-10691-TD
           )
5 GOLD RIVER VALLEY, LLC,  ) Chapter 11
           )
6 Debtor,       ) Los Angeles, California
           ) Wednesday, 10:00 A.M.
7 ------------------------------) September 10, 2015

8         CONTINUED HEARING RE:
          DEBTOR'S MOTION FOR ORDER
9         (I) SETTING HEARING ON
          CONFIRMATION ON PLAN UNDER
10        WHICH THERE ARE NO
          IMPAIRED CLASSES; AND (II)
11        DISPENSING WITH A
          DISCLOSURE STATEMENT
12        (DAVID B. GOLUBCHIK)

13         CONTINUED HEARING RE:
          MOTION FOR CONFIRMATION OF
14        DEBTOR'S CHAPTER 11 PLAN
          (JEFFREY KWONG)

15         CONTINUED HEARING RE:
16        NOTICE OF SALE OF ESTATE
          PROPERTY (DAVID B.
17        GOLUBCHIK)

18         CONTINUED HEARING RE:
          STATUS OF REORGANIZATION
19        CASE

20      TRANSCRIPT OF PROCEEDINGS
    BEFORE THE HONORABLE THOMAS B. DONOVAN
21     UNITED STATES BANKRUPTCY JUDGE

22

23

24
 Proceedings produced by electronic sound recording;
25 transcript produced by transcription service.

Page                                                                    43

1   kind of scheduling needs you're going to need in the

2   future.

3           MR. ARON:  That's fine.  Your Honor?

4           THE COURT:  As to which I can accommodate you, I

5   believe.

6           MR. ARON:  Understood.  We appreciate that.

7           MR. GOLUBCHIK:  Your Honor, everything just makes

8   sense.  I just want to make sure I understand correctly

9   because we have agreement as to form of order.  When the

10  Court's -- when you say you're going to look at what we

11  filed, that doesn't mean you're going to delay entry of the

12  order so we can have the sale closed, right?  This is just

13  for the next step?

14          THE COURT:  Yeah.

15          MR. GOLUBCHIK:  Okay.  I just want to make sure

16  we get a sale order entered and closed.

17          THE COURT:  Well --

18          MR. GOLUBCHIK:  Thank you.

19          THE COURT:  -- in my mind, that's a high priority

20  because that's -- that removes one risk if something had

21  happened to the property or something had had happened to

22  the buyer.

23          MR. ARON:  Correct.  I agree with Mr. Golubchik.

24  I think we're all interested in seeing the close -- the

25  sale close soon -- as soon as possible, but I did -- I

Page                                                           54

1              I certify that the foregoing is a correct

2     transcript from the electronic sound recording of the

3     proceedings in the above-entitled matter.

4

5

6     _____        Date:   09/24/2015

7     RUTH ANN HAGER, C.E.T.**D-641

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# EXHIBIT "3"

## Elsa Horowitz

| | |
|---|---|
| **From:** | Simon Aron <saron@wrslawyers.com> |
| **Sent:** | Monday, October 05, 2015 3:45 PM |
| **To:** | 'Beatrice Wang'; David B. Golubchik; Randy Dean Team; Samantha Navarro |
| **Cc:** | benjamink2324@gmail.com; lucy@huntingtongcc.com; Sarah Shum; Jeffrey S. Kwong; Jillian Long; Elsa Horowitz |
| **Subject:** | RE: Court Documents came by a messenger / Revised Demand for Payoff - Gold River Valley |
| **Attachments:** | sUpplemental Instructions to Escrow re Gold River.PDF |

Dar Beatrice and Randy

Please find attached Lone Oak's supplemental instructions in connection with the close of escrow. Please do not hesitate to contact me if you have any questions.

Best,
Simon Aron

Simon Aron, Esq.
Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP
11400 W. Olympic Blvd.
9th Floor
Los Angeles, California 90064
PH: 310-478-4100  Ext. 6601
FAX: 310-479.1422
E-Mail: saron@wrslawyers.com

This message contains information which may be confidential and privileged.  Unless you are the addressee (or authorized to receive e-mails for the addressee), you may not use, copy or disclose to anyone this message or any information contained in this message.  If you have received this message in error, please advise the sender by reply e-mail to saron@wrslawyers.com, and delete the message.  Thank you.
IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by U.S. Treasury Regulation Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

---

**From:** Beatrice Wang [mailto:beatrice@centralescrow.com]
**Sent:** Monday, October 05, 2015 11:21 AM
**To:** David B. Golubchik; Randy Dean Team; Samantha Navarro; Simon Aron
**Cc:** benjamink2324@gmail.com; lucy@huntingtongcc.com; Sarah Shum; Jeffrey S. Kwong; Jillian Long
**Subject:** RE: Court Documents came by a messenger / Revised Demand for Payoff - Gold River Valley

Thank you for the update!

**\*\*Be aware!  Online banking fraud is on the rise.  If you receive an email containing WIRE TRANSFER INSTRUCTIONS call your escrow officer immediately to verify the information prior to sending funds.\*\***

Best Regards,

Beatrice Wang
Central Escrow, Inc.
515 West Garvey Ave, #118
Monterey Park, CA 91754
Tel: 626-280-6122
Email: beatrice@centralescrow.com

***********NOTICE OF CONFIDENTIALITY************************:
The information transmitted is intended only
for the person or entity to which it is addressed and may contain
confidential and/or privileged material.  Any review, retransmission,
dissemination, copying, or other use of, or taking of any action in
reliance upon, this information by persons or entities other than the
intended recipient is prohibited.  If you received this in error,
please contact the sender and delete the material from any computer.
*********************************************************

**From:** David B. Golubchik [mailto:DBG@lnyb.com]
**Sent:** Monday, October 05, 2015 9:12 AM
**To:** 'Randy Dean Team'; Beatrice Wang; Samantha Navarro; saron@wrslawyers.com
**Cc:** benjamink2324@gmail.com; lucy@huntingtongcc.com; Sarah Shum; Jeffrey S. Kwong; Jillian Long
**Subject:** RE: Court Documents came by a messenger / Revised Demand for Payoff - Gold River Valley

Folks,

Seller and Lone Oak resolved their issues with respect to sale closing.  Lone Oak should be submitting to you an amended payoff demand which will include the same amount, but provide that $592,320 is to be sent to the Wolf Rifkin firm to be held in turst pending further order of the bankruptcy court.

Subject to the foregoing, the sale is ready to close.  Please advise as to the timing for the closing.

Thank you

**DAVID B. GOLUBCHIK,** Esq.
**LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.**
10250 Constellation Blvd.  |  Suite 1700  |  Los Angeles, CA  90067
Phone  310 229 1234  |  Direct  310 229 3393  |  Fax  310 229 1244
dbg@lnyb.com  |  www.lnyb.com

The preceding E-mail message is subject to Levene, Neale, Bender, Yoo & Brill  L.L.P.'s
email policies which can be found at http://www.lnyb.com/disclaimers.htm.

 Please consider the environment before printing this email

**From:** Randy Dean Team [mailto:randydeanteam@nat.com]
**Sent:** Wednesday, September 30, 2015 10:47 AM
**To:** Beatrice Wang; David B. Golubchik; Samantha Navarro; saron@wrslawyers.com
**Cc:** Randy Dean Team; benjamink2324@gmail.com; lucy@huntingtongcc.com; Sarah Shum; Jeffrey S. Kwong; Jillian Long
**Subject:** RE: Court Documents came by a messenger / Revised Demand for Payoff - Gold River Valley

Thank you for the updated payoff demand -- we have reviewed with underwriting and have the following comments:

We would prefer to see the following language in the demand.

"You are authorized and instructed to record said documents releasing the property described above on or before October 15, 2015 when you hold for our account the following: "

"Once payment is received in the amount listed below, Lone Oak will conclude said litigation, including the termination of the receivership currently in place, which fees and costs borrower remains liable for and which fees and costs have been included in the estimate below, however, the property described above will not be subject to any additional fees or costs and this demand represents a full release of the property from all obligations. To the extent that there are any surplus fees, said funds will be refunded to the borrower."

Please advise.



**Randy Dean**
**Vice President, Senior Title Officer**

rdean@nat.com
Main Phone: (949) 419-9400
Direct: (949) 419-9481
Fax: (714) 667-0338

**North American Title Company**
3090 Bristol Street, Suite 190
Costa Mesa, CA 92626
**http://www.nat.com**

**From:** Beatrice Wang [mailto:beatrice@centralescrow.com]
**Sent:** Monday, September 28, 2015 4:47 PM
**To:** David B. Golubchik; Samantha Navarro; saron@wrslawyers.com
**Cc:** Randy Dean Team; benjamink2324@gmail.com; lucy@huntingtongcc.com; Sarah Shum; Jeffrey S. Kwong; Jillian Long
**Subject:** RE: Court Documents came by a messenger / Revised Demand for Payoff - Gold River Valley

Thank you for the update.  Forward updated payoff statement to Seller and title for approval.  Thanks!

**\*\*Be aware!  Online banking fraud is on the rise.  If you receive an email containing WIRE TRANSFER INSTRUCTIONS call your escrow officer immediately to verify the information prior to sending funds.\*\***

Best Regards,

Beatrice Wang
Central Escrow, Inc.
515 West Garvey Ave, #118
Monterey Park, CA 91754
Tel: 626-280-6122
Email: beatrice@centralescrow.com

3

***********NOTICE OF CONFIDENTIALITY************************:
The information transmitted is intended only
for the person or entity to which it is addressed and may contain
confidential and/or privileged material.  Any review, retransmission,
dissemination, copying, or other use of, or taking of any action in
reliance upon, this information by persons or entities other than the
intended recipient is prohibited.   If you received this in error,
please contact the sender and delete the material from any computer.
***********************************************************

**From:** David B. Golubchik [mailto:DBG@lnbyb.com]
**Sent:** Monday, September 28, 2015 3:06 PM
**To:** 'Samantha Navarro'; Beatrice Wang; saron@wrslawyers.com
**Cc:** randydeanteam@nat.com; benjamink2324@gmail.com; lucy@huntingtongcc.com; Sarah Shum; Jeffrey S. Kwong; Jillian Long
**Subject:** RE: Court Documents came by a messenger / Revised Demand for Payoff - Gold River Valley

Please be advised that the seller disputes the payoff demand since it excludes credit for payments of $592,320.  We have exchanged enough emails on this subject last week.  We have a call with the court this coming Friday at 11 am to address this issue.  But want to make sure that escrow is aware of the dispute.

Thank you


**DAVID B. GOLUBCHIK**, Esq.
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Blvd.  |  Suite 1700  |  Los Angeles, CA  90067
Phone  310 229 1234  |  Direct  310 229 3393  |  Fax  310 229 1244
dbg@lnbyb.com  |  www.lnbyb.com

The preceding E-mail message is subject to Levene, Neale, Bender, Yoo & Brill  L.L.P.'s
email policies which can be found at http://www.lnbyb.com/disclaimers.htm.

 Please consider the environment before printing this email

**From:** Samantha Navarro [mailto:samantha@loneoakfund.com]
**Sent:** Monday, September 28, 2015 3:00 PM
**To:** Beatrice Wang; David B. Golubchik; saron@wrslawyers.com
**Cc:** randydeanteam@nat.com; benjamink2324@gmail.com; lucy@huntingtongcc.com; Sarah Shum; Jeffrey S. Kwong; Jillian Long
**Subject:** RE: Court Documents came by a messenger / Revised Demand for Payoff - Gold River Valley

Good Afternoon –

Attached please find the Revised Demand for Payoff and Substitution of Trustee and Full Reconveyance that are being sent to title via FedEx to hold in trust and have recorded at payoff.  The Withdraw of Pendency of Action will be provided to title separately.

Thank you.

Samantha Navarro

4

Loan Servicing
310-826-2888 x17
310-820-9145 fax
CFL No. 603B623
samantha@loneoakfund.com



www.loneoakfund.com

**From:** Beatrice Wang [mailto:beatrice@centralescrow.com]
**Sent:** Friday, September 25, 2015 6:48 PM
**To:** David B. Golubchik <DBG@lnbyb.com>; saron@wrslawyers.com
**Cc:** randydeanteam@nat.com; benjamink2324@gmail.com; lucy@huntingtongcc.com; Sarah Shum
<sarah@centralescrow.com>; Anjanette Genovese <Anjanette@loneoakfund.com>; Jillian Long
<Jillian@loneoakfund.com>; Samantha Navarro <samantha@loneoakfund.com>; Suzanne Amato
<Suzanne@loneoakfund.com>; Jeffrey S. Kwong <JSK@lnbyb.com>
**Subject:** RE: Court Documents came by a messenger

Thanks! Requested updated demand again. Waiting for new demand. Thanks!

**Be aware! Online banking fraud is on the rise. If you receive an email containing WIRE TRANSFER INSTRUCTIONS
call your escrow officer immediately to verify the information prior to sending funds.**

Best Regards,

Beatrice Wang
Central Escrow, Inc.
515 West Garvey Ave, #118
Monterey Park, CA 91754
Tel: 626-280-6122
Email: beatrice@centralescrow.com


***********NOTICE OF CONFIDENTIALITY***********************:
The information transmitted is intended only
for the person or entity to which it is addressed and may contain
confidential and/or privileged material. Any review, retransmission,
dissemination, copying, or other use of, or taking of any action in
reliance upon, this information by persons or entities other than the
intended recipient is prohibited. If you received this in error,
please contact the sender and delete the material from any computer.
***********************************************************


**From:** David B. Golubchik [mailto:DBG@lnbyb.com]
**Sent:** Wednesday, September 23, 2015 5:19 PM
**To:** beatrice@centralescrow.com; saron@wrslawyers.com
**Cc:** randydeanteam@nat.com; benjamink2324@gmail.com; lucy@huntingtongcc.com; sarah@centralescrow.com;
Anjanette@loneoakfund.com; Jillian@loneoakfund.com; samantha@loneoakfund.com; Suzanne@loneoakfund.com;

Jeffrey S. Kwong
**Subject:** RE: Court Documents came by a messenger

Beatrice, the demand from lone oak ignores payments made, which makes numbers incorrect and unacceptable to debtor. We will have the court address it, but it should not hold up sale closing.
Thanks


DAVID B. GOLUBCHIK, Esq.
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Blvd.   |   Suite 1700   |   Los Angeles, CA  90067
Phone  310 229 1234   |   Direct  310 229 3393   |   Fax  310 229 1244
dbg@lnbyb.com  |  www.lnbyb.com

The preceding E-mail message is subject to Levene, Neale, Bender, Yoo & Brill L.L.P.'s
email policies which can be found at http://www.lnbyb.com/disclaimers.htm.

⌡ Please consider the environment before printing this email

-----Original Message-----
**From:** Simon Aron [saron@wrslawyers.com]
**Received:** Wednesday, 23 Sep 2015, 5:13PM
**To:** Beatrice Wang [beatrice@centralescrow.com]
**CC:** Randy Dean Team [randydeanteam@nat.com]; David B. Golubchik [DBG@lnbyb.com]; Benjamin K.
[benjamink2324@gmail.com]; Lucy Gao [lucy@huntingtongcc.com]; Sarah Shum [sarah@centralescrow.com]; Anjanette
Genovese [Anjanette@loneoakfund.com]; Jillian Long [Jillian@loneoakfund.com]; Samantha Navarro
[samantha@loneoakfund.com]; Suzanne Amato [Suzanne@loneoakfund.com]
**Subject:** Re: Court Documents came by a messenger

Thanks Beatrice.  The demand provided by Lone Oak yesterday conforms to the Order.  So no new demand is needed.
Best,
Simon Aron


Sent from my iPad


On Sep 23, 2015, at 5:06 PM, Beatrice Wang <beatrice@centralescrow.com> wrote:

> Hi All,
> Additional Court document came by a messenger.  Please advise.  Thanks!
> We need to update the deman from Lone Oak Fund per Court Order.  Shall we re-send the
> demand order?  Please advise.  Thanks!
>
>     <Gold River Vally LLC_20150923163331.pdf>

This email and any files transmitted with it are privileged and confidential and intended solely for the use by the
individual or entity to whom they are addressed. If you are not the intended recipient, please advise the sender
immediately by reply e-mail and delete this message and any attachments without retaining a copy. If you are
not the intended recipient, you are hereby notified that any disclosure, copying or distribution of this message,
or the taking of any action based upon it, is strictly prohibited. Lone Oak Fund LLC / Lone Oak Industries, Inc.,
11611 San Vicente Blvd., Suite 640, Los Angeles, CA, 90049, USA www.loneoakfund.com

You have received this e-mail due to a past or current transaction or as a result of our efforts to keep you in touch with current developments affecting
your industry. If you wish to unsubscribe from any future general information mailings, please click here.



LAW OFFICES

WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP

Simon Aron
saron@wrslawyers.com

October 5, 2015

**VIA E-MAIL AND U.S. MAIL**

Randy Dean
randydeanteam@nat.com
Title Officer
North American Title
2100 S.E. Main Street, Suite 450
Irvine, California 92615

Beatrice Wang
beatrice@centralescrow.com
Escrow Officer
Central Escrow, Inc.
515 W. Garvey Avenue
Monterey Park, California 91754

Re:    In re Gold River Valley, LLC
       Case No. 2:15-bk-10691-TD
       NAT Order No. 1153736
       Escrow Order No. 125782-SS/BW

Dear: Mr. Dean and Ms. Wang

As you are aware, this office is counsel to Lone Oak Fund, LLC ("Lone Oak"), secured creditor and lender in the above-noted matters.  This letter will supplement the instructions contained in the *"Third Revised Demand for Payoff"* submitted by Lone Oak to each of you on September 28, 2015 (the "Demand").

The Demand remains accurate and unchanged (other than on account of the accrual of interest as noted therein through the date of closing). However, pursuant to the agreement of the parties, the distribution of the proceeds of sale from escrow on account of Lone Oak's secured claim and mortgage are modified by this letter.

Therefore, in connection with the above-noted Orders concerning the closing of the sale of 650-652 S. Lake Avenue, Pasadena, California 91006 (the "Property") pursuant to the *Order Conditionally Confirming Debtor's Chapter 11 Plan [Doc. No. 84]* (the "Order") entered by the United States Bankruptcy Court for the Central District of California (the "Court"), in the above-noted chapter 11 case, you are instructed to deliver funds on the close of escrow in the full amount of the Demand as follows:

Randy Dean
Beatrice Wang
October 5, 2015
Page 2


(i) the total sum of $592,320 to the client trust account of Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP (wire instructions are attached hereto) pending a further order of the Court; and.

(ii) the balance of all remaining funds to Lone Oak pursuant to its original instruction.

Please acknowledge receipt of this letter supplementing your prior instructions. If you have any questions or comments, please do not hesitate to contact the undersigned or Samantha Navarro at Lone Oak's offices at (310) 826-2888 ext. 17.

Finally, pursuant to the Order, all of Lone Oak's objections to the Plan (as described therein) and its rights, allegations, claims and contractual rights are expressly reserved and neither the Demand, this supplemental instruction, nor the closing of escrow and payment pursuant thereto constitutes or would be deemed to constitute a waiver, release, alteration or relinquishment of any of these reserved matters.

Very truly yours,

WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP

SIMON ARON

SA:SA
Enclosures

cc:    Samantha Narravo (via email) (w/o encls)
       Elsa Horwitz, Esq (i/o) (w/o encls)
       David Golubchek, Esq (via email)(w/o encls)

2092785.1

## WIRE TRANSFER INSTRUCTIONS
### WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
### CLIENT TRUST ACCOUNT

City National Bank
400 N. Roxbury Drive
Beverly Hills, CA  90210
Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP
ABA/Routing #122016066
Account #001-966-537
Reference No. 16343-064

963474.1

11611 SAN VICENTE BOULEVARD    TELPHONE 310 826 2888
SUITE 640                      FAX 310 820 9145
LOS ANGELES, CA 90049          WWW.LONEOAKFUND.COM


LONE OAK FUND
CALIFORNIA'S BRIDGE LENDER™

**Loan #: Gold River Valley**

September 28, 2015

### THIRD REVISED DEMAND FOR PAYOFF

TO:    NORTH AMERICAN TITLE                VIA EMAIL TO:
       2100 S. E. Main Street, Suite 450   *randydeanteam@nat.com*
       Irvine, California 92614            Phone: 949-419-9481
       Attn:  Randy Dean, Title Officer
       Order No. 1153736

       CENTRAL ESCROW, INC.                VIA EMAIL TO:
       515 W. Garvey Avenue                *beatrice@centralescrow.com*
       Monterey Park, California 91754     Phone: 626-280-1700
       Attn: Beatrice Wang, Escrow Officer
       Order No. 125781-SS/BW

Upon closing, you are instructed to WIRE our proceeds as follows:

Lone Oak's Reference / Loan #: Gold River *(must appear on wire)*

        Wells Fargo Bank, N.A.
        420 Montgomery
        San Francisco, CA 94104
        ABA No. 121000248
        For credit to:
        Lone Oak Fund, LLC
        Account No. 4358672475

*Please note that unless your wire is credited to our account by 1:30 pm Pacific Time, Borrower's interest obligation will continue until the next business day.*

PROPERTY ADDRESSES: 650 & 652 S. LAKE AVENUE, PASADENA, CA

The following document will be provided to the title company prior to closing:

        SUBSTITUTION OF TRUSTEE AND FULL RECONVEYANCE of Deed of Trust
        with Absolute Assignment of Leases and Rents, executed by GOLD RIVER
        VALLEY, LLC a California limited liability company, dated September 16, 2011 and
        recorded September 21, 2011 as Instrument No. 20111281776 in Official Records of
        Los Angeles County, California.

**Loan #: Gold River Valley**

AND

WITHDRAW OF PENDENCY OF ACTION, executed by WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP, recorded July 22, 2014 as Instrument No. 20140757520 in Official Records of Los Angeles County, California.

**There is litigation pending in the Los Angeles Superior Court related to this property entitled *Lone Oak Fund, LLC v. Gold River Valley, LLC et al.* (Case No. BC 552238). Once payment is received in the amount listed below, Lone Oak will need to conclude said litigation including the termination of the receivership currently in place, which fees and costs borrower remains liable for and which fees and costs have been included in the estimate below. After all litigation has been completed, and all fees and costs actually incurred have been properly accounted for, any remaining funds due and owing will remain the liability of borrower. To the extent that there are any surplus fees, said funds will be refunded to the borrower.**

You will be authorized and instructed to use said document **on or before October 15, 2015** when you hold for our account the following:

| | |
|---|---|
| $3,750,000.00 | Principal Balance |
| 982,320.00 | Unpaid Interest at Note Rate |
| 37,500.00 | Deferred Forbearance Fee through 4/30/14 |
| 179,326.48 | Estimated Legal Fees and Costs (Wolf, Rifkin) |
| 48,550.00 | Estimated Legal Fees and Costs (BuchalterNemer) |
| 7,163.69 | Interest at Note Rate on Advances for Legal Fees and Costs |
| 25,000.00 | Estimated Receiver Fees and Costs |
| 4,574.00 | Title Insurance Fees and Costs to North American Title |
| 26,006.51 | Estimated Foreclosure Fees and Costs (and $3,800 TSG Fee) |
| 159.28 | Miscellaneous Fees and Costs (FedEx, etc.) |
| 110.00 | Closing Fees (Beneficiary Statement, Reconveyance and Wire Fee) |
| $5,060,709.96 | Total Due 8/31/2015, Plus Daily Interest per the Paragraphs Below |

Interest on the sum of $3,750,000.00 at the rate of 9.30% per annum, calculated on the basis of 360 days per year and actual days elapsed, from and including September 1, 2015 up to and including the date of issuance of your wire, at the rate of $968.75 per day.

Interest on advances in the sum of $124,914.00 at the rate of 9.30% per annum, calculated on the basis of 360 days per year and actual days elapsed, from and including September 1, 2015 up to and including the date of issuance of your wire, at the rate of $83.2763 per day.

Please include in your charges to Borrower any fees you require in order to have the Substitution of Trustee and Full Reconveyance and Withdraw of Pendency of Action recorded by title after closing.

**Loan #: Gold River Valley**

Pursuant to the Order Conditionally Confirming Debtor's Chapter 11 Plan [Doc. No. 84], all of Lone Oak's objections to the Plan (as described therein) and its rights, allegations, claims and contractual rights are expressly reserved and neither this Demand for Payoff, nor the closing of escrow and payment pursuant to this Demand for Payoff constitutes or would be deemed to constitute a waiver, release, alteration or relinquishment of any of these reserved matters, including, without limitation. Lone Oak's rights and claims to interest on the principal sum of $3,750,000.00 at the rate of 24.00% per annum, calculated on the basis of 360 days per year and actual days elapsed, from and after November 1, 2012, through and including September 1, 2015, and up to and including the date of issuance of your wire, at the rate of $2,500.00 per day. Should you have any questions regarding this, please feel free to call the undersigned.

Thank you for your kind attention in this matter.

LONE OAK FUND, LLC, a
California limited liability company

By: LONE OAK INDUSTRIES INC., a
California corporation, Manager

By_____
James A. Rothstein, President

Recording Requested By
NORTH AMERICAN TITLE COMPANY
ORDER NO. 1153736
APN: 5327-020-041

When Recorded Mail To

LONE OAK FUND, LLC
11611 San Vicente Boulevard, Suite 640
Los Angeles, California 90049

## SUBSTITUTION OF TRUSTEE AND FULL RECONVEYANCE

WHEREAS, PEAK FORECLOSURE SERVICES, INC., is the current Trustee under that certain Deed of Trust with Absolute Assignment of Leases and Rents, Security Agreement and Fixture Filing, dated September 16, 2011 and recorded September 21, 2011 as Instrument No. 20111281776 of Official Records in the office of the Recorder of Los Angeles County, California, between GOLD RIVER VALLEY, LLC, a California limited liability company, Trustor, and LONE OAK FUND, LLC, a California limited liability company Beneficiary; and

WHEREAS, LONE OAK FUND, a California limited liability company, is the current Beneficiary thereunder;

NOW, THEREFORE, said current Beneficiary does hereby substitute itself as the Trustee in the place and stead of PEAK FORECLOSURE SERVICES, INC. and acknowledging that the sums secured by said Deed of Trust have been paid, does hereby RECONVEY, without warranty, to the person or persons legally entitled thereto that property described in said Deed of Trust.

Dated: September 25, 2015

TRUSTEE:
LONE OAK INDUSTRIES INC.,
a California corporation

By

James A. Rothstein, President

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA    }
COUNTY OF LOS ANGELES} ss.

On September 25, 2015 before me, JILLIAN CLAIRE LONG, a Notary Public, personally appeared JAMES A. ROTHSTEIN, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument, and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument, the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Jillian Claire Long
Notary Public

JILLIAN CLAIRE LONG
Commission # 2094568
Notary Public - California
Los Angeles County
My Comm. Expires Dec 22, 2018

# EXHIBIT "4"

## Elsa Horowitz

| | |
|---|---|
| **From:** | David B. Golubchik <DBG@lnbyb.com> |
| **Sent:** | Wednesday, October 14, 2015 1:53 PM |
| **To:** | Simon Aron; 'Randy Dean'; Randy Dean Team; 'Beatrice Wang'; Samantha Navarro |
| **Cc:** | benjamink2324@gmail.com; lucy@huntingtongcc.com; Sarah Shum; Jeffrey S. Kwong; Jillian Long; Elsa Horowitz |
| **Subject:** | RE: Court Documents came by a messenger / Revised Demand for Payoff - Gold River Valley |

Randy, please advise as to status.  Are we closing?

DAVID B. GOLUBCHIK, Esq.

LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.

10250 Constellation Blvd.   |   Suite 1700   |   Los Angeles, CA   90067

Phone  310 229 1234   |   Direct  310 229 3393   |   Fax  310 229 1244

dbg@lnbyb.com <mailto:dbg@lnbyb.com>   |   www.lnbyb.com <http://www.lnbyb.com/>

The preceding E-mail message is subject to Levene, Neale, Bender, Yoo & Brill  L.L.P.'s email policies which can be found at http://www.lnbyb.com/disclaimers.htm <http://www.lnbyb.com/disclaimers.htm> .

þ Please consider the environment before printing this email

From: Simon Aron [mailto:saron@wrslawyers.com]
Sent: Wednesday, October 07, 2015 4:07 PM
To: David B. Golubchik; 'Randy Dean'; Randy Dean Team; 'Beatrice Wang'; Samantha Navarro
Cc: benjamink2324@gmail.com; lucy@huntingtongcc.com; Sarah Shum; Jeffrey S. Kwong; Jillian Long; Elsa Horowitz
Subject: RE: Court Documents came by a messenger / Revised Demand for Payoff - Gold River Valley

Agreed.

# EXHIBIT "5"

## Elsa Horowitz

| | |
|---|---|
| **From:** | Simon Aron <saron@wrslawyers.com> |
| **Sent:** | Monday, October 19, 2015 10:09 AM |
| **To:** | 'Randy Dean Team'; 'Samantha Navarro'; Beatrice Wang |
| **Cc:** | benjamink2324@gmail.com; lucy@huntingtongcc.com; Sarah Shum; Jeffrey S. Kwong; Jillian Long; David B. Golubchik; Elsa Horowitz |
| **Subject:** | RE: Demand for Payoff - Escrow No. 125781-SS/BW - Order No. 1372141 / Gold River Valley |
| **Attachments:** | Revised Instructions Title_Escrow.PDF |

Randy & Beatrice

Please find attached Lone Oak's revised supplemental instructions concerning the above-noted matter.

Please let me know if you have any questions or require anything further in this matter.

Best,
Simon Aron

Simon Aron, Esq.
Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP
11400 W. Olympic Blvd.
9th Floor
Los Angeles, California 90064
PH: 310-478-4100 Ext. 6601
FAX: 310-479.1422
E-Mail: saron@wrslawyers.com

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive e-mails for the addressee), you may not use, copy or disclose to anyone this message or any information contained in this message. If you have received this message in error, please advise the sender by reply e-mail to saron@wrslawyers.com, and delete the message. Thank you.
IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by U.S. Treasury Regulation Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** Randy Dean Team [mailto:randydeanteam@nat.com]
**Sent:** Friday, October 16, 2015 3:02 PM
**To:** Simon Aron; 'Samantha Navarro'; Randy Dean Team; Beatrice Wang
**Cc:** benjamink2324@gmail.com; lucy@huntingtongcc.com; Sarah Shum; Jeffrey S. Kwong; Jillian Long; David B. Golubchik
**Subject:** RE: Demand for Payoff - Escrow No. 125781-SS/BW - Order No. 1372141 / Gold River Valley

Thank you, Simon, can you amend/update your supplemental instruction to incorporate the revised demand please?



LAW OFFICES

# WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP

Simon Aron
saron@wrslawyers.com

October 19, 2015

## VIA E-MAIL AND U.S. MAIL

Randy Dean                           Beatrice Wang
randydeanteam@nat.com                beatrice@centralescrow.com
Title Officer                        Escrow Officer
North American Title Company         Central Escrow, Inc.
3090 Bristol Street, Suite 190       515 W. Garvey Avenue
Costa Mesa, California 92626         Monterey Park, California 91754

Re:    In re Gold River Valley, LLC
       Case No. 2:15-bk-10691-TD
       NAT Order No. 1153736
       Escrow Order No. 125782-SS/BW

Dear: Mr. Dean and Ms. Wang

As you are aware, this office is counsel to Lone Oak Fund, LLC ("Lone Oak"), secured creditor and lender in the above-noted matters. This letter will supplement the instructions contained in the *"Fourth Demand for Payoff"* submitted by Lone Oak to each of you on October 15, 2015 (the "Demand").

The Demand remains accurate and unchanged (other than on account of the accrual of interest as noted therein through the date of closing). However, pursuant to the agreement of the parties, the distribution of the proceeds of sale from escrow on account of Lone Oak's secured claim and mortgage are modified by this letter.

Therefore, in connection with the above-noted Orders concerning the closing of the sale of 650-652 S. Lake Avenue, Pasadena, California 91006 (the "Property") pursuant to the *Order Conditionally Confirming Debtor's Chapter 11 Plan [Doc. No. 84]* (the "Order") entered by the United States Bankruptcy Court for the Central District of California (the "Court"), in the above-noted chapter 11 case, you are instructed to deliver funds on the close of escrow in the full amount of the Demand as follows:

11400 West Olympic Boulevard, 9th Floor, Los Angeles, California 90064-1582
Tel 310.478.4100   Fax 310.479.1422
www.wrslawyers.com

2106188.1

Los Angeles · Las Vegas · Reno

Randy Dean
Beatrice Wang
October 19, 2015
Page 2

(i) the total sum of $592,320 to the client trust account of Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP (wire instructions are attached hereto) pending a further order of the Court; and.

(ii) the balance of all remaining funds to Lone Oak pursuant to its original instruction.

In addition, the instructions are further supplemented by the following:

You are authorized and instructed to record said documents releasing the Property described above on or before October 30, 2015 when you hold for Lone Oak's account the total amount set forth in the Demand (together with additional amounts due thereunder for the accrual of interest as noted therein through the date of closing) and are going to concurrently wire transfer those amount in accordance with the foregoing instructions.

Once such payment is received in the full amount listed above, Lone Oak will conclude the litigation entitled *Lone Oak Fund, LLC v. Gold River Valley, LLC et al.* (Case No. BC 552238), including the termination of the receivership currently in place, which fees and costs borrower/debtor remains liable for and which fees and costs have been included in the estimate including in the Demand, provided, however, the Property described above will not be subject to any additional fees or costs and this demand represents a full release of the Property (but not the borrower, debtor or bankruptcy estate) from all obligations. To the extent that there are any surplus fees, such funds will be refunded to counsel for the debtor and the bankruptcy estate pursuant to the Order.

Please acknowledge receipt of this letter supplementing your prior instructions. If you have any questions or comments, please do not hesitate to contact the undersigned or Samantha Navarro at Lone Oak's offices at (310) 826-2888 ext. 17.

Finally, pursuant to the Order, all of Lone Oak's objections to the Plan (as described therein) and its rights, allegations, claims and contractual rights are expressly reserved and neither the Demand, this supplemental instruction, nor the closing of escrow and payment pursuant thereto constitutes or would be deemed to constitute a waiver, release, alteration or relinquishment of any of these reserved matters.

Very truly yours,

WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP

SIMON ARON

SA:SA
Enclosures

2106188.1

Randy Dean
Beatrice Wang
October 19, 2015
Page 3


cc:    Samantha Narravo (via email) (w/o encls)
       Elsa Horwitz, Esq (i/o) (w/o encls)
       David Golubchek, Esq (via email)(w/o encls)

11611 SAN VICENTE BOULEVARD    TELPHONE 310 828 2688
SUITE 840                      FAX 310 820 9145
LOS ANGELES, CA 90049          WWW.LONEOAKFUND.COM


LONE OAK FUND
CALIFORNIA'S BRIDGE LENDER℠

**Loan #: Gold River Valley**

October 15, 2015

FOURTH REVISED DEMAND FOR PAYOFF

TO:     NORTH AMERICAN TITLE                    VIA EMAIL TO:
        2100 S. E. Main Street, Suite 450       *randydeanteam@nat.com*
        Irvine, California 92614                Phone: 949-419-9481
        Attn:  Randy Dean, Title Officer
        Order No. 1153736

        CENTRAL ESCROW, INC.                    VIA EMAIL TO:
        515 W. Garvey Avenue                    *beatrice@centralescrow.com*
        Monterey Park, California 91754         Phone: 626-280-1700
        Attn: Beatrice Wang, Escrow Officer
        Order No. 125781-SS/BW

Upon closing, you are instructed to WIRE our proceeds as follows:

Lone Oak's Reference / Loan #: Gold River *(must appear on wire)*

        Wells Fargo Bank, N.A.
        420 Montgomery
        San Francisco, CA 94104
        ABA No. 121000248
        For credit to:
        Lone Oak Fund, LLC
        Account No. 4358672475

*Please note that unless your wire is credited to our account by 1:30 pm Pacific Time, Borrower's interest obligation will continue until the next business day.*

PROPERTY ADDRESSES: 650 & 652 S. LAKE AVENUE, PASADENA, CA

The following document will be provided to the title company prior to closing:

        SUBSTITUTION OF TRUSTEE AND FULL RECONVEYANCE of Deed of Trust
        with Absolute Assignment of Leases and Rents, executed by GOLD RIVER
        VALLEY, LLC a California limited liability company, dated September 16, 2011 and
        recorded September 21, 2011 as Instrument No. 20111281776 in Official Records of
        Los Angeles County, California.

Loan #: Gold River Valley

AND

WITHDRAW OF PENDENCY OF ACTION, executed by WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP, recorded July 22, 2014 as Instrument No. 20140757520 in Official Records of Los Angeles County, California.

**There is litigation pending in the Los Angeles Superior Court related to this property entitled *Lone Oak Fund, LLC v. Gold River Valley, LLC et al.* (Case No. BC 552238). Once payment is received in the amount listed below, Lone Oak will need to conclude said litigation including the termination of the receivership currently in place, which fees and costs borrower remains liable for and which fees and costs have been included in the estimate below. After all litigation has been completed, and all fees and costs actually incurred have been properly accounted for, any remaining funds due and owing will remain the liability of borrower. To the extent that there are any surplus fees, said funds will be refunded to the borrower.**

You will be authorized and instructed to use said document **on or before October 30, 2015** when you hold for our account the following:

| | |
|---|---|
| $3,750,000.00 | Principal Balance |
| 1,011,382.50 | Unpaid Interest at Note Rate |
| 37,500.00 | Deferred Forbearance Fee through 4/30/14 |
| 202,436.48 | Estimated Legal Fees and Costs (Wolf, Rifkin) |
| 48,672.00 | Estimated Legal Fees and Costs (BuchalterNemer) |
| 8,131.78 | Interest at Note Rate on Loan Payment Advances for Legal Fees and Costs |
| 25,000.00 | Estimated Receiver Fees and Costs |
| 4,574.00 | Title Insurance Fees and Costs to North American Title |
| 26,356.51 | Estimated Foreclosure Fees and Costs (and $3,800 TSG Fee) |
| 159.28 | Misc. Fees and Costs (FedEx, etc.) |
| 110.00 | Closing Fees (Beneficiary Statement, Reconveyance and Wire Fee) |
| $5,114,322.55 | Total Due 9/30/2015, Plus Daily Interest per the Paragraphs Below |

Interest on the sum of $3,750,000.00 at the rate of 9.30% per annum, calculated on the basis of 360 days per year and actual days elapsed, from and including October 1, 2015 up to and including the date of issuance of your wire, at the rate of $968.75 per day.

Interest on advances in the sum of $124,914.00 at the rate of 9.30% per annum, calculated on the basis of 360 days per year and actual days elapsed, from and including October 1, 2015 up to and including the date of issuance of your wire, at the rate of $32.2696 per day.

Please include in your charges to Borrower any fees you require in order to have the Substitution of Trustee and Full Reconveyance and Withdraw of Pendency of Action recorded by title after closing.

**Loan #: Gold River Valley**

Pursuant to the Order Conditionally Confirming Debtor's Chapter 11 Plan [Doc. No. 84], all of Lone Oak's objections to the Plan (as described therein) and its rights, allegations, claims and contractual rights are expressly reserved and neither this Demand for Payoff, nor the closing of escrow and payment pursuant to this Demand for Payoff constitutes or would be deemed to constitute a waiver, release, alteration or relinquishment of any of these reserved matters, including, without limitation. Lone Oak's rights and claims to interest on the principal sum of $3,750,000.00 at the rate of 24.00% per annum, calculated on the basis of 360 days per year and actual days elapsed, from and after November 1, 2012, through and including October 1, 2015, and up to and including the date of issuance of your wire, at the rate of $2,500.00 per day.

Should you have any questions regarding this, please feel free to call the undersigned.

Thank you for your kind attention in this matter.

LONE OAK FUND, LLC, a
California limited liability company

By: LONE OAK INDUSTRIES INC., a
California corporation, Manager

By _____
James A. Rothstein, President

# EXHIBIT "6"

## Elsa Horowitz

| | |
|---|---|
| **From:** | Simon Aron <saron@wrslawyers.com> |
| **Sent:** | Monday, October 19, 2015 2:25 PM |
| **To:** | 'Randy Dean Team'; 'Samantha Navarro'; Beatrice Wang |
| **Cc:** | benjamink2324@gmail.com; lucy@huntingtongcc.com; Sarah Shum; Jeffrey S. Kwong; Jillian Long; David B. Golubchik; Elsa Horowitz |
| **Subject:** | RE: Demand for Payoff - Escrow No. 125781-SS/BW - Order No. 1372141 / Gold River Valley |

Hi Randy & Beatrice

Can you please provide me with the status of closing and anticipated date for closing? Also can you confirm that you have all documents required for closing in hand and ready to record?

Thank you.
Simon Aron

Simon Aron, Esq.
Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP
11400 W. Olympic Blvd.
9th Floor
Los Angeles, California 90064
PH:  310-478-4100  Ext. 6601
FAX: 310-479.1422
E-Mail: saron@wrslawyers.com

This message contains information which may be confidential and privileged.  Unless you are the addressee (or authorized to receive e-mails for the addressee), you may not use, copy or disclose to anyone this message or any information contained in this message.  If you have received this message in error, please advise the sender by reply e-mail to saron@wrslawyers.com, and delete the message.  Thank you.
IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by U.S. Treasury Regulation Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** Randy Dean Team [mailto:randydeanteam@nat.com]
**Sent:** Monday, October 19, 2015 10:11 AM
**To:** Simon Aron; Randy Dean Team; 'Samantha Navarro'; Beatrice Wang
**Cc:** benjamink2324@gmail.com; lucy@huntingtongcc.com; Sarah Shum; Jeffrey S. Kwong; Jillian Long; David B. Golubchik; Elsa Horowitz
**Subject:** RE: Demand for Payoff - Escrow No. 125781-SS/BW - Order No. 1372141 / Gold River Valley

Thank you.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
11400 West Olympic Blvd., 9th Floor, Los Angeles, California 90064

A true and correct copy of the foregoing document entitled (*specify*): **EMERGENCY MOTION FOR THE APPOINTMENT OF A CHAPTER 11 TRUSTEE PURSUANT TO 11 U.S.C. §1104, OR, IN THE ALTERNATIVE   TO ADVANCE THE HEARING ON THE MOTION OF LONE OAK FOR APPOINTMENT OF A CHAPTER 11 TRUSTEE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SAME; DECLARATIONS IN SUPPORT OF SAME**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) October 27, 2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Simon Aron    saron@wrslawyers.com
- Marianne M Dickson    MDickson@seyfarth.com, shobrien@seyfarth.com
- David B Golubchik    dbg@lnbyb.com, dbg@ecf.inforuptcy.com
- Elsa M Horowitz    ehorowitz@wrslawyers.com, aparisi@wrslawyers.com
- Jeffrey S Kwong    jsk@lnbyb.com, jsk@ecf.inforuptcy.com
- Queenie K Ng    queenie.k.ng@usdoj.gov, Melanie.green@usdoj.gov;dare.law@usdoj.gov;ron.maroko@usdoj.gov
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) October 27, 2015 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**VIA MESSENGER**
Hon. Thomas B. Donovan
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1352/ Courtroom 1345
Los Angeles, CA 90012

**VIA OVERNIGHT MAIL**
Gold River Valley, LLC, Debtor
3218 E. Holt Avenue #210
West Covina, CA 91791

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 10/27/15 | Elsa Horowitz | *(signature)* |
| Date | Printed Name | Signature |

2113985.1  This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                **F 9013-3.1.PROOF.SERVICE**